JAMES SISK, Appellant, v. INDUSTRIAL TRACK CONSTRUCTION COMPANY.—295 S. W. 751.

Division Two, April 9, 1927.

1. **NEGLIGENCE: Humanitarian Doctrine: Application: Collision between Wagon and Truck.** Evidence that as plaintiff was driving his horse-wagon along railroad tracks on a highway, defendant's truck and trailer came up behind him, and that at the blowing of the horn he turned aside, and that thereupon the truck proceeded and either it or the trailer struck his wagon, tends to establish negligence on the part of the defendant, arising out of a disregard of the rule of the road and not from a failure to avoid injuring plaintiff after his lack of care had put him in a position of peril, and therefore tends to establish primary and not secondary negligence, and hence the last-change doctrine does not apply, and especially so where defendant's employees testify that when the horn was blown plaintiff gave the right of way and after the truck had passed but the trailer had not he pulled in toward the tracks and thereby caused the collision. Under such circumstances to authorize an instruction on the last-chance doctrine there must be further evidence that there was sufficient time between plaintiff's turning in on the tracks and the collision for the man on the trailer to have conveyed a warning to the driver on the truck to enable the driver to avoid striking the wagon.

2. **INSTRUCTION: Humanitarian Doctrine: No Request: Contributory Negligence.** Mere non-direction is not error. If plaintiff desires an instruction on the last-chance doctrine he should ask one to be given, and if he fails to do so he cannot complain that an appropriate instruction on contributory negligence, based on defendant's plea and evidence, deprived him of his right to recover on the last-chance doctrine.

3. ———: **Contributory Negligence: Direct Cause: Collision between Wagon and Truck.** An instruction that if plaintiff drove his wagon to the right of the railroad tracks on the highway for the purpose of permitting defendant's truck to pass, and if the driver of the truck attempted to pass the wagon on the left, and at the time there was sufficient clearance for the truck and trailer to safely pass the wagon, and if after the truck had passed plaintiff drove the wagon to the left and in the path of the trailer and as a result the right wheel of the trailer struck the wagon and caused plaintiff's injury, and "if you further find that plaintiff turned back into the path of the trailer without looking to the left and in so doing failed to exercise ordinary care for his own safety, and if such failure caused, or contributed to cause, whatever injuries were sustained by him, your verdict must be for the defendant," where there is evidence to support it, is not erroneous. It requires the jury to find that the collision resulted directly from the act of plaintiff, and does not fail to require the jury to find that plaintiff's alleged negligence contributed directly to cause his injuries.

**4. EVIDENCE: Speed of Vehicles: Incompetent Witness.** A witness, whether an expert or otherwise, who saw the truck and wagon only when he was a block away from the scene of the collision, is incompetent to estimate the rate of their speed.

**5. INSTRUCTION: Defense: Opposite Charge: Collision between Truck and Wagon: Clearance: Swerving out of Course.** In an action for personal injuries caused by a collision of defendant's truck or trailer with plaintiff's wagon traveling in the same direction on a highway, wherein one of the charges is that the defendant failed "to turn its truck sufficiently to prevent it from striking the wagon," an instruction for defendant that plaintiff is not entitled to recover if the jury find that "there was sufficient clearance between the truck and the wagon for the truck to/ pass without contact or collision with the wagon, and if there was sufficient clearance at the time the truck passed the wagon for defendant's trailer to also pass the wagon with safety and without collision or contact" is based on the charge, and is not erroneous on the theory that the truck might suddenly have swerved to the right and cut in in front of the wagon, where the petition contains no such charge and there is no evidence to that effect. If plaintiff desired a more definite instruction on that theory he should have asked it.

**6. ————: Preponderance of Evidence.** An instruction in an action for damages which requires plaintiff, in order to recover, to prove his case "to your satisfaction by a preponderance or greater weight of the testimony" is not erroneous.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 3015, p. 1035, n. 40. **Motor Vehicles,** 42 C. J., Section 1026, p. 1226, n. 82; Section 1044, p. 1233, n. 27; Section 1150, p. 1283, n. 21. **Trial,** 38 Cyc., p. 1636, n. 22; p. 1693, n. 55.

Appeal from Circuit Court of City of St. Louis.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Louis J. Robinson* and *Earl M. Pirkey* for appellant.

(1) Instruction 4 directed a verdict for defendant if the plaintiff was guilty of negligence which contributed to cause his injuries. This was erroneous for the reason that contributory negligence, to be a defense, must directly contribute to cause the injury, and an instruction embodying the defense of contributory negligence is erroneous unless it uses the words "directly contributed." Howard v. Scarritt Estate, 267 Mo. 402; Moffatt v. Link, 207 Mo. App. 668; Conrad v. Hamra, 253 S. W. 811; Oates v. Met. St. Ry. Co., 168 Mo. 548; Moore v. Rapid Transit Co., 126 Mo. 277; Meyer v. Railroad, 40 Mo. 156; Davis v. Spicer, 27 Mo. App. 301. (2) The instruction is also erroneous because not supported by the evidence. (2) The court erred in excluding the testimony of Witness Donohue as to the speed of the truck. This was done on the theory that he was not sufficiently qualified. He testified that he had ridden in automobiles and had observed them running about the streets for

about twenty-five years and had driven a horse and wagon for some years. He was therefore qualified to testify and the exclusion of his testimony was erroneous. State v. Watson, 216 Mo. 433; Burk v. Shaw Transfer Co., 211 Mo. App. 363. (3) The petition charged as a distinct assignment of negligence that defendant negligently caused and permitted the truck and trailer to strike the wagon. Instruction 3 eliminated this charge and is therefore erroneous. (4) Instruction 3 requires a finding for defendant if the truck passed the wagon in safety and there was sufficient clearance between the truck and wagon for the trailer to pass the wagon. This is erroneous, because if the trailer was turned by the truck so that it ran into the wagon then the defendant would be liable. (5) Instruction 4 required the plaintiff to prove to the satisfaction of the jury and by a preponderance or greater weight of the evidence that he was injured and these injuries were directly caused by the negligence of the defendant. This instruction requires plaintiff to prove his case by more than a preponderance of the evidence, to-wit: by a preponderance of the evidence and to the satisfaction of the jury. It was therefore erroneous to give it. Krause v. Spurgeon, 256 S. W. 1072.

*Jones, Hocker, Sullivan & Angert* for respondent.

(1) There was no error in giving Instruction 4 at the request of defendant. (a) On the facts in this case there was no room for the application of the last-chance doctrine. Moore v. Lindell Ry. Co., 176 Mo. 529, 544; Ries v. Transit Co., 179 Mo. 1; Shanks v. Traction Co., 101 Mo. App. 707; Lackey v. United Rys. Co., 288 Mo. 144; Petty v. Railroad, 179 Mo. 666. (b) Plaintiff offered no instruction on the last-chance doctrine; mere non-direction is not error. Monsanto Chemical Works v. American Zinc Co., 253 S. W. 1010; Powell v. Railroad, 255 Mo. 420; Brown v. Box Co., 243 S. W. 330; Sutter v. Railway, 188 S. W. 68; Weber v. Strobel, 194 S. W. 275. (c) Instruction 4, read as a whole, properly submitted the question of plaintiff's contributory negligence. Kennayde v. Railroad, 45 Mo. 258; Whalen v. Railway Co., 60 Mo. 326. (d) The word "direct" need not precede the word "contributory" where on the facts hypothesized in the instruction the plaintiff's negligence must have contributed "directly," because the conclusion follows as a matter of law. Carr v. City of St. Joseph, 225 S. W. 923; Calloway Bank v. Ellis, 238 S. W. 844; Monsanto Chemical Works v. American Zinc Co., 253 S. W. 1010. (2) There was no error in excluding the testimony of Witness Donohue on the question of speed. (a) Assuming the qualification of the witness the inquiry was immaterial. Helm v. Mo. Pac. Ry. Co., 185 Mo. 222-223. (b) On the evidence the collision occurred either from the failure of defendant's

driver to allow sufficient clearance in the first instance or from the negligence of plaintiff in turning his vehicle to the left before the trailer has passed him. The speed of defendant's truck, therefore, could have had nothing to do with the collision. Evans v. Railroad, 289 Mo. 493; Monroe v. Railroad, 297 Mo. 633; Helm v. Railroad, 185 Mo. 212. (c) Donohue was illy qualified, if at all, and his guess as to the rate of speed would have been of no value to the jury. McCreery v. Railway, 221 Mo. 28; Campbell v. Railroad, 175 Mo. 177; Petty v. Railroad, 179 Mo. 671; Statler v. Railroad, 200 Mo. 125; Muth v. Railway, 87 Mo. App. 434. (3) Instruction 3 properly stated the law and there was no error in giving it at defendant's request. (a) There was no allegation in plaintiff's petition that defendant negligently turned the truck or trailer to the right as it passed the wagon. (b) There was no proof that the truck or trailer was suddenly "turned to the right." (c) There was no error in failing to incorporate plaintiff's hypothesis; if he wished to present the case to the jury on the hypothesis that the truck or trailer "suddenly turned to the right" he should have offered an instruction to that effect. Ward v. Fessler, 252 S. W. 667; Jones v. Railway, 287 Mo. 64; Lampe v. Railway, 177 Mo. App. 652.

WALKER, J.—This is an action for personal injuries alleged to have been sustained by the plaintiff in a collision between a horse-drawn wagon, driven by plaintiff, and a truck, operated by the defendant, which had a trailer attached thereto.

The plaintiff alleged that he was driving along a public way in the city of St. Louis when the defendant's truck and trailer came up behind him and was negligently permitted to bump into his wagon, whereby he was thrown from his seat and injured. The answer of the defendant was a general denial, and a plea of contributory negligence in that the plaintiff had negligently driven his horse and wagon into the path of the trailer after the truck had passed him and thereby brought about the collision. The reply was a general denial. There was a judgment for the defendant and plaintiff appeals.

The collision occurred on the levee in the city of St. Louis. Although occupied by railway tracks, this levee is paved for use as a highway, and is so used by vehicles. The plaintiff was driving a one-horse wagon, the wheels of which were in the railway tracks. He says the truckman blew a horn, whereupon he looked back and saw the truck following him in the same tracks. He turned his face to the front and his wagon was at once struck. He was uncertain whether the truck or the trailer collided with his wagon, but was inclined to think it was the truck. He was also uncertain whether it was a front or rear wheel of his own wagon which was struck, but said it was one or the other. He was thrown from his seat, but not

from his wagon, by the collision, and received the injuries of which he complains.

There were two men on the truck—the driver, who sat in the cab looking ahead, and another employee, who sat behind the cab facing the rear. The former testified that he was following the plaintiff up the railroad track; that he blew his signal for plaintiff to pull out and let him pass; that the plaintiff pulled out to the right of the tracks, leaving room for the truck to pass safely; that while he was passing the plaintiff's wagon and after the truck had passed it, his companion called to him to stop, which he did at once. He then found that the hub of his trailer had struck one of the hubs of the wagon. The plaintiff declined help on the ground that he was not injured and they each drove on.

The other occupant of the truck said that when the driver sounded the signal he looked forward and saw the plaintiff's horse and wagon pull out, and the truck passed it with the truck and trailer following the railroad track; that the truck passed the wagon in safety, whereupon the plaintiff, apparently oblivious that the trailer was following, pulled in again as though to come back upon the track, whereupon the hub of the trailer struck the hub of the wagon. He called to the driver to stop, which he did. The plaintiff declined to be taken to a doctor and drove off.

There was testimony that the ills the plaintiff complained of were due to a chronic disease with which he was afflicted and other accidents which he had suffered rather than to this collision.

The plaintiff asked no instructions in his own behalf, but complains of those given for the defendant.

I. We will consider the assignments of error in their order as stated by the appellant. It is contended that **Last-Chance Rule: Contributory Negligence.** Instruction Number Four, which directed a verdict for the defendant if the plaintiff was guilty of negligence which caused his injuries, was error. This instruction is as follows:

"The court instructs the jury that if you find and believe from the evidence in this case that while plaintiff was driving north on the levee in the railroad track mentioned in the evidence, he drove his horse and wagon to the right and east of and beyond the railroad track mentioned in the evidence, for the purpose of permitting defendant's truck to pass plaintiff's horse and wagon, and if you further find and believe from the evidence that defendant's chauffeur attempted to pass plaintiff's horse and wagon on the left, and at the time there was sufficient clearance to safely pass plaintiff's horse and wagon without contact or collision between the truck or trailer and plaintiff's horse and wagon; and if you further find that

while defendant's truck was passing plaintiff's horse and wagon, and before the trailer had passed said horse and wagon, plaintiff turned his horse and wagon to the left and in the path of defendant's trailer, and, as a direct result thereof, the right wheel of defendant's trailer came in contact with the left rear wheel of plaintiff's wagon; and if you further find that plaintiff turned back into the path of said trailer without looking to the left, and, in so doing, failed to exercise ordinary care for his own safety, and that such failure caused, or contributed to cause whatever injuries, if any, were sustained by plaintiff, then the court instructs you that plaintiff is not entitled to recover in this case, and your verdict will be for defendant.''

Defendant contends that the last-chance doctrine was pleaded and that this instruction militates against its operation. A petition may, as contended, plead this doctrine, but unless the facts alleged are supported by evidence the plaintiff is not entitled to the opinion of the jury thereon.

What did the plaintiff's evidence show? That he was driving along the levee when the defendant's truck and trailer came up behind him and one or the other struck his wagon. Under this state of facts there was negligence on the part of the defendant's servant's. However, it was primary and not secondary negligence. It arose from a disregard of the rule of the road and not from a failure to use care to avoid injuring the plaintiff after his lack of care had put him in a position of peril. Further than this, the testimony of the defendant's employees was that upon signal the plaintiff gave the right of way and after the truck had passed but the trailer had not, he pulled in upon the tracks and caused the collision. These being the facts to authorize the application of the last-chance doctrine there must have been evidence that there was sufficient time intervening between the plaintiff's turning in upon the tracks and the collision for the man on the truck facing the rear to convey warning to the driver of the truck to enable him to avoid striking the wagon. Had sufficient time elapsed to enable the man on the rear of the truck to have given the driver of the same warning it would have been the duty of the latter to employ every possible means to avoid the collision. There was no evidence, however, to support the facts thus hypothesized. [Lackey v. United Ry. Co., 288 Mo. 144; Ries v. St. Louis Transit Co., 179 Mo. 1, 7; Petty v. Railroad, 179 Mo. 666; Moore v. Lindell Ry. Co., 176 Mo. 529, 544, 545; Shanks v. Springfield Traction Co., 101 Mo. App. 707.]

Moreover, there was no request on the part of the plaintiff for an instruction on the last-chance doctrine. Mere non-direction is not error. [Hayes v. Sheffield Ice Co., 282 Mo. 446; State ex rel. United Rys. v. Reynolds, 257 Mo. l. c. 38.] If the plaintiff desired an in-

struction on the last-chance doctrine he should have asked that one
be given. [Fiorella v. Jones, 259 S. W. (Mo.) 782.]

It is further contended that Instruction numbered four misdirected
the jury in not requiring it to find that the alleged negligence of the
plaintiff directly contributed to cause his injuries. An analysis
of the instruction does not sustain this contention. After submitting
to the jury the facts shown as to the plaintiff's driving north, his
pulling out of the track to permit the defendant's vehicles to pass
him and leaving room for the purpose of the latter to pass, it au-
thorizes a verdict for the defendant if the plaintiff negligently turned
his wagon back into the path of the trailer and as a direct result
thereof the collision occurred. This required the jury to find that
the collision directly resulted from the act of the plaintiff himself.

If the accident happened as hypothesized in this instruction, as
the jury evidently believed, then the plaintiff's lack of care as therein
defined was not only the direct but the sole cause of the collision.

If, as the jury was required to find, from this instruction, that
the plaintiff turned out of the track and gave room for the defend-
ant's vehicles to pass him and the truck did so, and thereupon the
plaintiff turned his wagon back into the path of the trailer, the con-
nection between his act and the collision becomes direct and posi-
tive. If, therefore, instruction numbered four had, in fact, omitted
the element which plaintiff would have the court read out of it that
fact would not furnish grounds for reversal. [Carr v. City of St.
Joseph, 225 S. W. (Mo.) 922; Calloway Bank v. Ellis, 238 S. W.
(Mo.) 844; Monsanto Chem. Wks. v. Am. Lead Co., 253 S. W. (Mo.)
l. c. 1010.]

In the Carr case, supra, an instruction was given which authorized
a verdict for the defendant if plaintiff's negligence contributed "in
any degree" to the injury. This instruction, however, hypothesized
the facts which the jury was required to find in order to determine
that the plaintiff was guilty of contributory negligence. In view of
this fact the court held that the instruction was not erroneous. The
portion of the opinion in the Carr case (p. 923) relative to this
finding is as follows:

"What has been said has been upon the assumption that there is
nothing in the facts to take this case out of the general rule an-
nounced in the authorities above cited. There is an exception to
that rule. If an instruction on contributory negligence requires the
finding of negligent acts which, in the nature of things, necessarily
contributed directly to cause the injury and necessarily formed a
part of the efficient cause thereof, then the instruction cannot be
held erroneous because it does not require the jury to draw the in-
ference which the law itself draws therefrom. In this case it is
difficult to see how the facts required by Instruction 4 to be found

before a verdict for defendant was authorized on the ground of plaintiffs' negligence could exist without forming a substantial part of the efficient cause of the happening; that is, how they could have contributed at all to the fatal result unless they contributed in the manner required by the rule stated.''

Finally, if, as Instruction Number Four hypothesizes, the plaintiff turned out of the track to permit the defendant's vehicles to pass and left room for that purpose and the defendant, while occupying that space, was passing in safety and the plaintiff turned his wagon back into the track and struck the trailer the consequent collision cannot be said to have happened through the negligence of the defendant. The instruction therefore laid a larger burden upon the defendant than he was required to bear.

The plaintiff will not be heard to complain of the manner in which this instruction dealt with his own alleged want of care when on the facts required to be found the instruction need not have dealt therewith. [Fiorella v. Jones, 259 S. W. (Mo.) 782.]

II. Error is alleged in the refusal of the trial court to permit a witness, named Donohoe, to estimate the rate of speed of the defendant's vehicles. Passing the question of the witness's qualification to **Speed.** state his conclusion as to the matter inquired about, his testimony was irrelevant. He only saw the vehicles when a block away from the scene of the accident and ''never noticed them any more.'' His having seen them a block away from the scene and not thereafter, afforded no basis for even a conjecture as to the rate of their speed after he lost sight of them. The immateriality therefore of this testimony is so apparent as to require no further discussion.

III. Complaint is made of defendant's instruction numbered three, which told the jury that the plaintiff was not entitled to recover if the jury found that·''there was sufficient clearance between the truck and the wagon for the truck to pass without contact or collision with the wagon and if . . . there was **Swerving towards** sufficient clearance at the time the truck passed **Wagon.** the wagon . . . for defendant's trailer to also pass the wagon with safety and without collision or contact.''

One of the charges of negligence was that the defendant failed ''to turn its truck sufficiently to prevent it from striking the wagon.'' In other words, it was the plaintiff's theory, as shown by the averments of his petition, that the driver of the truck, with the trailer attached, drove too close to plaintiff's wagon, as a result of which the truck or trailer struck the wheel of the wagon, inflicting upon the plaintiff the injuries complained of. This is the issue covered

by the instruction complained of, which tells the jury that the defendant was not guilty of the negligence charged, if, as defendant's truck and trailer were passing plaintiff's wagon, the clearance between the truck and trailer and the wagon was sufficient to permit the truck and trailer to pass said wagon without colliding with same.

Appellant further contends that this instruction was erroneous because the truck might have suddenly swerved to the right and cut in front of plaintiff's wagon, striking the latter as it was passing. This was not the negligence charged or the theory of plaintiff's case as disclosed by his petition. Further than this, there was no evidence that in passing plaintiff's wagon with sufficient clearance the defendant's truck was suddenly turned to the right in front of plaintiff's wagon. The instruction, in its general scope, was therefore proper, and the failure to incorporate therein the hypothesis now complained of is not reversible error where, as here, the plaintiff did not request an instruction supplying the omitted element.

In Ward v. Fessler, 252 S. W. l. c. 670-671, this court said: "If the plaintiff had desired a more definite direction to some specific act of alleged negligence he should have offered an instruction to that effect; having failed to do so, he has no right to complain," citing cases.

In Browning v. Ry. Co., 124 Mo. l. c. 72, 27 S. W. 644, this court, in an opinion by Judge B<small>ARCLAY</small>, said: "The instruction is not erroneous in its general scope; and if, in the opinion of counsel for defendant, it was likely to be misunderstood by the jury, it was the duty of the counsel to ask the modifications and explanations, in an instruction embodying his views. 'The court is not required in a civil case to instruct on all questions, whether suggested or not.' "

IV. The correctness of defendant's Instruction Number One is challenged on the ground that it required the plaintiff, in order to recover, to prove his case by a preponderance or greater weight of the evidence. The language complained of is that the plaintiff was **Preponderance.** required to prove his case "to your satisfaction by a preponderance or greater weight of the testimony." This simply meant that the jury must be satisfied that the preponderance or greater weight of the testimony must be with the plaintiff's facts to authorize him to prevail. The soundness of this formula has been attested in many cases. It simply informs the jury that the litigant may prevail who having the burden of proof has sustained it by the greater weight of the testimony. Judge W<small>AGNER</small>, who wrote the opinion in the early case of Marshall v. Ins. Co., 43 Mo. 588, said that it was the constant practice to instruct in the language now used in the instant case. Later cases are of like

tenor. [Norris v. Railroad, 239 Mo. l. c. 716; Malone v. Frank, 274 S. W. (Mo.) l. c. 371; Shepard v. Schaff, 241 S. W. (Mo.) 431.]

V. The exclusion from the jury of certain ordinances of the city of St. Louis is assigned as error. There were no facts in evidence authorizing the submission of these ordinances to the jury and they were properly excluded from its consideration.

No error having been committed authorizing a reversal the judgment of the circuit court is affirmed. All concur.