**Lawrence HUNT and Ruth Hunt (Plaintiffs), Respondents,**

**v.**

**Ruby BABB (Defendant), Appellant.**

**No. 30535.**

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1960.

Dearing, Richeson & Weier, H. L. C. Weier, Esq., Hillsboro, for (defendant) appellant.

Roberts & Roberts, J. Richard Roberts, and Charles G. Hyler, Farmington, for (plaintiffs) respondents.

ANDERSON, Judge.

This is an action brought by Lawrence Hunt and Ruth Hunt, husband and wife, as plaintiffs, against Ruby Babb. Plaintiffs' petition was in two counts. Under Count I, plaintiff Lawrence Hunt sought to recover damages for personal injuries alleged to have been sustained on February 24, 1959, as the result of a collision at the intersection of Sixth and Franklin Streets in the City of Farmington, Missouri, between an automobile driven by him and a car driven by defendant. Under Count II, plaintiffs sought recovery for the damage to their automobile which resulted from said collision. Defendant counter-claimed for damages for her personal injuries alleged to have resulted from said collision. The trial resulted in a verdict for plaintiff Lawrence Hunt on Count I in the sum of $250, for plaintiffs on Count II for $350, and for plaintiffs on defendant's counterclaim. From the judgment entered on this verdict defendant has appealed.

Sixth Street is an east and west street. Franklin Street runs north and south. There is no evidence in the record as to the width of either street. The accident occurred about 4 o'clock in the afternoon. Just prior to the accident Hunt was driving west on Sixth Street. He was driving a 1953 Ford automobile which he and his wife owned. At the time he was on his way to the Reliance Factory, where Mrs. Hunt worked, his purpose being to pick up Mrs. Hunt after she quit work for the day. Mr. Hunt testified that as he approached the intersection of Sixth and Franklin he was traveling from 12 to 15 miles an hour on the right side of the street. There are no stop signs at this intersection. Before reaching the intersection he slowed down, and when he reached Franklin Street made what he called a "hesitation stop." At that time he was far enough into the in-

tersection to see north on Franklin for at least a half or two-thirds of a block. He stated, "You could see far enough up that if a car was running ordinarily that it wouldn't run into you while you was going across." He was asked if there was anything that would block his view, to which he answered, "Well, there's a little hill there that you come up on Franklin that might block you a little bit." Hunt further testified that when he made the "hesitation stop" at the intersection he looked north and saw nothing approaching. He then shifted gears and proceeded across the intersection, and when he had almost cleared the intersection he was hit by defendant's car. While crossing the intersection he did not at any time look to the north for approaching traffic. All of Hunt's automobile except the rear portion had cleared the street when the collision occurred. Hunt stated he might have been traveling about 15 miles an hour when his car was hit. Hunt did not see defendant's car at any time prior to the collision. The right rear side of the Hunt car was struck.

Defendant, just prior to the collision, was going south on Franklin Street toward the intersection. She testified that in the block just north of Sixth Street she was traveling about 15 or 20 miles an hour, on the right side of the street. Franklin Street is paved with blacktop and had on it loose chat. Defendant could not remember whether it was clear or cloudy at the time, but stated that visibility was good. There was no fog or rain. She further testified that when she first saw Hunt he was just entering the intersection; that she was then at the intersection but not quite into it; that Hunt was moving as fast as she was; that she applied her brakes and swerved to get behind him; that when she applied the brakes her car skidded, and slid into the Hunt car. The right front fender of defendant's car struck the Hunt automobile at the right door and rear side.

Plaintiffs submitted the case to the jury on one assignment of negligence, namely,

that of "entering the intersection improperly and with complete disregard of the fact that plaintiff, Lawrence Hunt, had previously entered same, which was a violation of Section 304.021 V.A.M.S., Laws of Missouri."

Appellant contends that the court erred in overruling her motion for a directed verdict, and her motion for judgment notwithstanding the verdict, because the evidence shows that plaintiff, Lawrence Hunt, was guilty of contributory negligence as a matter of law. This contention is based on the theory that as plaintiff Hunt approached and crossed the intersection in question, he negligently failed to keep a proper lookout for automobiles approaching the intersection from his right, which negligence was the proximate cause of the collision. In presenting this point appellant directs our attention to Hunt's testimony wherein he admitted that after making the "hesitation stop" at the east side of the intersection he proceeded into and traveled practically the full width of Franklin Street to the point of collision without even glancing to his right. From this it is argued that if he had looked he would have seen the automobile of Ruby Babb, which was traveling 15 to 20 miles an hour, approaching the intersection.

■ In determining the issue presented we must view the evidence in the light most favorable to plaintiffs. Contributory negligence, as a matter of law, must appear in plaintiffs' case or be established by evidence on the part of defendant, which is binding on plaintiffs or which plaintiffs conceded to be true. Beaver v. Wilhelm, Mo.App., 321 S.W.2d 1; Pfeiffer v. Schee, Mo.App., 107 S.W.2d 170; Slates v. Joplin Butane Gas Co., Mo., 315 S.W.2d 808; Creech v. Riss & Co., Mo., 285 S.W.2d 554. The question therefore presented is whether, considering the evidence in the light most favorable to plaintiffs, Hunt was guilty of contributory negligence as a matter of law in proceeding across the intersection without looking to the right, after having looked

in that direction at the time he made the "hesitation stop."

Plaintiffs' evidence clearly shows that Hunt was the first to reach and enter the intersection. Hunt testified that when he made the "hesitation stop" upon reaching the intersection he looked north and saw no vehicles approaching on Franklin. From this evidence a jury could reasonably have found that defendant's car was not within that area at the time, and did not constitute an immediate hazard to one crossing Franklin Street at the intersection. Hunt then entered the intersection, as he had a right to do under the circumstances. At the time there was no reason for him to anticipate any danger in making the crossing. He also had the right to assume, in the absence of knowledge to the contrary, either actual or constructive, that anyone approaching the intersection at the time would yield the right of way to him. There is no evidence binding on plaintiff from which it can be said as a matter of law that Hunt should have known from defendant's movements that she did not intend to yield the right of way. In our judgment whether Hunt was negligent in failing to take a second look was, under all the evidence, a jury question. Schmittzehe v. City of Cape Girardeau, Mo., 327 S.W.2d 918.

The distance in feet traveled by Hunt into the intersection before colliding with defendant's car was not shown. The width of Franklin Street does not appear. There was no proof of the time which elapsed between Hunt's entry into the intersection and his contact with defendant's automobile. There was no evidence in plaintiffs' case as to where the two cars were when it should have become apparent to Hunt that there was danger of collision. There is, therefore, no basis for a finding that Hunt could have taken the necessary steps to avoid the collision after it should have become apparent to him there was danger of collision. The facts were not sufficiently developed to justify a ruling, as a matter of law, that Hunt's failure to take a second

look as he crossed the intersection was the proximate cause of the collision. In our view the trial court did not err in overruling defendant's motion for a directed verdict, and her after-trial motion for judgment in her favor.

Taken with the case is a motion filed by respondents to dismiss the appeal for failure to comply with Rule 83.05 of the Rules of Civil Procedure, V.A.M.R. Said motion is overruled.

The Judgment appealed from is affirmed.

WOLFE, P. J., and RUDDY, J., concur.