Mary Lou **COMBELLICK**, Respondent,

v.

Leslie Vance **ROOKS**, Appellant.

No. 51827.

Supreme Court of Missouri,
En Banc.

March 14, 1966.

Rehearing Denied April 11, 1966.

Lane D. Bauer, David W. Shinn, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, for respondent.

Edward E. Schmitt, John P. Britton, Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, for appellant.

DONNELLY, Judge.

In this jury-tried action for damages resulting from an intersectional vehicular collision in Kansas City North, Clay County, Missouri, which occurred on October 13, 1962, plaintiff received a verdict in the amount of $7500, and defendant appealed to the Kansas City Court of Appeals which Court adopted an opinion affirming the judgment. Upon defendant's application, we ordered the case transferred to this Court and it will be determined here "the same as on original appeal." Rule 84.05(h), V.A.M.R., Mo.Const., Art. V, § 10 (1945), V.A.M.S.

The collision occurred at the intersection of North Main Street and 81st Street. North Main Street extends north and south and 81st Street extends east and west. There were no stop signs at the intersection at the time of the collision. Plaintiff was westbound on 81st Street and defendant was southbound on North Main Street. The impact occurred in the northwest quadrant of the intersection. The front of defendant's vehicle struck the right side of plaintiff's vehicle at the right front door. There were bushes and trees along the east side of North Main Street and to the north of 81st Street. These bushes and trees partially obstructed plaintiff's visibility to the north on North Main Street as plaintiff proceeded west on 81st Street and approached the east edge of the intersection.

■ Defendant contends that the trial court erred in overruling his Motion for Directed Verdict for the reason that plaintiff was guilty of contributory negligence as a matter of law. "In determining this question, we bear in mind that plaintiff's negligence is a jury question, unless it may be said from all the evidence and the reasonable inferences therefrom, viewed in the light most favorable to plaintiff, the only reasonable conclusion is that plaintiff was negligent and that his negligence was a proximate cause of his injury." Kickham v. Carter, Mo.Sup., 314 S.W.2d 902, 908.

Plaintiff testified that as she approached the intersection she came to a rolling stop ten to twelve feet from the intersection and looked for approaching vehicles; that in spite of some bushes and lilac trees on the east side of Main Street and north of 81st Street, which affected her visibility, she could see a safe distance to the north and saw no vehicles; that she proceeded into the intersection looking straight ahead, and was about two-thirds of the way across the intersection when her car was struck on the right side "where the passenger's door would open." Plaintiff did not see defendant's vehicle prior to the collision. Laura Myrl McNutt, a passenger in plaintiff's vehicle, testified that plaintiff slowed almost to a stop at a point about ten feet east of the intersection, looked to see if anybody was coming and then started across; that she, Laura Myrl McNutt, looked to the right when plaintiff's vehicle was about ten feet from the intersection and there was no traffic coming south on North Main Street; that when they were about the middle of the intersection she glanced up and saw defendant's vehicle three or four car lengths from the intersection, coming south at a speed of fifty miles per hour or more. Defendant alleges that there was evidence that plaintiff came to a rolling stop one or two feet east of the intersection before proceeding into the intersection. He alleges further that the evidence conclusively shows that from a point one or two feet east of the intersection, defendant's vehicle was visible to plaintiff had she looked. It is true that counsel for defendant, in his cross-examination of plaintiff, included in his questions an assumption that plaintiff came to a rolling stop one to two feet east

of the intersection, and it is true that plaintiff did not protest the form of the questions. However, at the close of cross-examination, plaintiff testified that she came to a rolling stop and looked from a point twelve feet east of the intersection. Cross-examination ceased immediately thereafter.

■ In view of this evidence, reasonable minds could differ on the question of plaintiff's negligence. Defendant correctly contends that where "one is charged with the duty to look and to look is to see, he must be held to have seen what looking would have revealed." Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S.W.2d 548, 553; Thaller v. Skinner & Kennedy Company, Mo.Sup., 315 S.W.2d 124, 129. He cites Branscum v. Glaser, Mo.Sup., 234 S.W.2d 626, and Roux v. Pettus, Mo.App., 293 S.W.2d 144, in support of his position. In the Branscum case, when plaintiff stopped his car at the stop sign, he could have seen at least 1000 feet on Highway 50. In the Roux case, as plaintiff moved toward the intersection from a position thirty-two feet from the intersection "a mere glance to his right would have revealed defendant's rapid approach in time for plaintiff to have taken steps to avert the collision."

■ These cases do not assist defendant when applied to the evidence adduced here. Plaintiff looked to her right when ten to twelve feet from the intersection and did not see defendant's vehicle. It cannot be said conclusively that defendant's vehicle was then visible. Further, plaintiff's evidence shows that she was the first to reach and enter the intersection. She could assume, under the evidence that anyone approaching the intersection would yield the right of way to her. "While she had the duty to maintain a look-out ahead and laterally ahead she could not keep an uninterrupted watch in two directions, she was not required to look constantly to one side, and she did not need to keep

turning her head from side to side." Schmittzehe v. City of Cape Girardeau, Mo. Sup., 327 S.W.2d 918, 923. The question whether plaintiff was negligent in failing to look a second time was for the jury. Hunt v. Babb, Mo.App., 340 S.W.2d 177. Plaintiff was not guilty of contributory negligence as a matter of law.

Defendant complains of the action of the trial court in allowing plaintiff to use a transcript of a police court proceeding in connection with cross-examination of defendant and to impeach defendant.

Defendant served interrogatories on plaintiff and plaintiff answered them prior to trial. The pertinent interrogatories, and answers thereto, are as follows:

"12. Please state whether you or anyone acting on your behalf has received, obtained or made any recital or statement in writing or reduced to writing or stenotype or otherwise from or by defendant relevant to the October 13, 1962 accident."

"12. No."

"13. If your answer to the foregoing interrogatory No. 12 is in the affirmative, please attach a copy or copies of all such statements, writings or transcripts to your answers hereto."

"13. See answer to #12."

In fact, plaintiff had hired a stenographic reporter to record and transcribe testimony given by defendant before the Municipal Court in defense of a traffic charge arising out of the accident. Plaintiff did not divulge the contents of this transcript until cross-examination of defendant when it was used to impeach his testimony given at the trial. The first question for determination is whether a copy of such testimony is a "statement" under Rules 56.01 and 57.01(b), V.A.M.R., and thus discoverable. Rule 56.01, to the extent pertinent here, provides: "Inter-

rogatories may require as a part of or with the answers copies of all statements concerning the action or its subject matter previously given by the interrogating party, * * *." Rule 57.01(b), to the extent pertinent here, provides: "The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial (except a statement given by the interrogating party) * * *, shall not be required."

■ It is clear that the discovery sought is not privileged and is not a nondiscoverable "work product" of plaintiff's attorney. State ex rel. Hudson v. Ginn, Mo.Sup., 374 S.W.2d 34, 39. In our judgment, the interrogatories are not ambiguous or indefinite. The police court transcript came within the terms of the interrogatories when they asked for a "recital or statement in writing or reduced to writing or stenotype or otherwise" and requested "a copy or copies of all such statements, writings or transcripts." Is the police court transcript a "statement" within the terms of Rules 56.01 and 57.01(b) V.A.M.R.? We are of the opinion that it is. While the "Committee Note and Comment" set forth following Rule 56.01 V.A.M.R., among other things, states that the "amendment resolves another mooted question by granting a party the right to obtain a copy of any statement *which he has given his adversary * * *"* (emphasis ours), we do not consider Rule 56.01 to be limited to this extent. The rule requires "* * * copies of all statements concerning the action or its subject matter previously given by the interrogating party, * * *." We hold that the portion of the transcript of the police court proceeding containing defendant's testimony is a "statement" within the rule. We emphasize that the transcript was not equally available to both parties. Had the transcript been that of a former trial in a court where a record is kept, and where both parties, in the exercise of due diligence, could have obtained a copy without utilization of dis-

covery procedures a different question would be presented.

■ We next consider whether we will defer to the discretion of the trial court in permitting plaintiff to use the transcript to impeach defendant's testimony after plaintiff failed to disclose its contents by answers to interrogatories. "The law is well settled that the extent and scope of cross-examination in a civil action is discretionary with the trial court and its rulings in regard thereto will not be disturbed unless an abuse of discretion is clearly shown." Eickmann v. St. Louis Public Service Company, Mo.Sup., 323 S.W.2d 802, 807. In Aulgur v. Zylich, Mo.App., 390 S.W.2d 553, 556, the Kansas City Court of Appeals quoted from Barron & Holtzoff, Federal Practice and Procedure, Vol. 2A, § 776, and held that "the trial court has a broad discretion to choose a course of action during trial when evidence is challenged on the ground it has not been disclosed by answers to interrogatories."

■ We do not reject these statements of law but hold they are not applicable here. We held in State ex rel. Hudson v. Ginn, supra, that a trial court is without discretion to refuse to require compliance with the rules of discovery. Here the plaintiff, without objecting to Interrogatories 12 and 13, undertook to interpret them as not requiring the disclosure of the transcript of the police court proceeding. This was a hazardous undertaking. In so doing plaintiff waived any objection to the form of the interrogatories and deprived the trial court of the opportunity to remedy the situation before trial. The rules of discovery here invoked were designed to eliminate, as far as possible, concealment and surprise in the trial of law suits. It necessarily follows, if such rules are to be effective, that appropriate sanctions be imposed for violations thereof. We hold that defendant was prejudiced by the use of the transcript of the police court proceeding, after failure of plaintiff to disclose its contents, and

that for this reason the case must be reversed and remanded for new trial.

Defendant claims error in the action of the trial court in permitting witnesses Mr. and Mrs. Hainline to testify that defendant was driving at a speed of fifty to sixty miles per hour at a point between two and two and one-half blocks north of the intersection at which the accident occurred. Defendant objected to such testimony on the ground that it was remote and immaterial. We cannot anticipate what evidence will be adduced upon re-trial of this case. Plaintiff may decide the evidence objected to may serve no real purpose if Mrs. McNutt, a passenger in plaintiff's vehicle, again testifies that when she saw defendant's vehicle two or three car lengths away, just prior to the collision, it was traveling fifty miles per hour or more. If the testimony of Mr. and Mrs. Hainline is submitted, it is, in the discretion of the trial court, admissible if under all the evidence in the case it is directly connected with defendant's alleged negligent speed at the time of collision. In this regard, the parties have cited and are cognizant of Douglas v. Twenter, 364 Mo. 71, 259 S.W.2d 353; Shepard v. Harris, Mo.Sup., 329 S.W.2d 1; Sauer v. Winkler, Mo.Sup., 263 S.W.2d 370; Sisk v. Industrial Track Const. Co., 316 Mo. 1143, 295 S.W. 751; and Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853. They will be guided by the law pronounced therein.

Defendant contends the trial court erred in giving Instructions 1, 2 and 3. The case went to the jury on April 23, 1964, prior to the effective date of Rule 70.01, V.A.M.R., as amended May 20, 1964. Having concluded that this case must be remanded for new trial, for submission to a jury under Missouri Approved Instructions, we will not rule on the propriety of the instructions given.

Reversed and remanded for new trial.

All concur.