**Paul G. HILMER, Respondent,**

v.

**William John HEZEL, Appellant.**

**No. 34593.**

Missouri Court of Appeals,
St. Louis District,
Division No. One.

March 6, 1973.

Evans & Dixon, Henry D. Menghini, St. Louis, for respondent.

Gunn & Gunn, Creve Cocur, Michael P. Gunn, St. Louis, for appellant.

CLEMENS, Judge.

This case arose from a two-car collision. Plaintiff sued for damages and defendant counterclaimed; the jury found against both. Defendant alone appeals from the adverse judgment on his counterclaim.

Defendant contends the trial court improperly denied him the right to impeach plaintiff on cross examination by using plaintiff's prior inconsistent statements. Conversely, plaintiff contends the trial court properly excluded the statements because in response to plaintiff's interrogatories defendant falsely denied obtaining statements made by plaintiff. That is the only issue on this appeal.

Both plaintiff and defendant had liability coverage with the State Farm Insurance Company. After the collision plaintiff gave State Farm two statements about it. These were prejudicial to plaintiff's claim and the statements were against his interest. When suit was filed State Farm sent copies of plaintiff's statements to both plaintiff's and defendant's counsel, but without the knowledge of the other. Thus, although plaintiff's counsel knew of plaintiff's statements he did not know defendant had them.

Thereafter plaintiff propounded interrogatories to defendant, one of which read: "7. Did the defendant or anyone on his behalf obtain a written statement or recording from plaintiff concerning the facts of the occurrence in question? a.

If so, please attach a copy of said written statement or recording to the copy of your answers to these interrogatories to be served upon this plaintiff." Defendant answered "No." Because of this negative answer plaintiff's counsel assumed copies of the statements had not been received by defense counsel. As said, defense counsel did have them and thereafter in taking plaintiff's deposition used them to impeach him.

Plaintiff made all this known to the court when the case came on for trial and moved to prohibit defendant from using the statements to impeach plaintiff at the trial and from referring to those parts of plaintiff's deposition concerning the adverse statements.

The trial court ruled defendant had improperly answered plaintiff's Interrogatory No. 7 and that this prejudiced plaintiff when his deposition was taken in that he was cross examined and impeached by the statements without having had the benefit of being briefed by his counsel about the statements before his deposition. The trial court sustained plaintiff's motion to exclude any reference to plaintiff's statements and the case was tried to conclusion with the dog-fall verdict.

■ Defendant first contends his negative answer to Interrogatory No. 7 was semantically correct since "neither the *defendant* nor anyone in *his* behalf obtained a statement from plaintiff." In fact, it was defendant's insurer who had taken plaintiff's statements and copies were in defendant's counsel's possession when he gave the negative answer. Defendant's strained interpretation of the interrogatory is an attempt at gamesmanship, contrary to the principle that the purpose of our rules of discovery is to minimize concealment and surprise in litigation. Combellick v. Rooks, Mo., 401 S.W.2d 460 [9]. At best, defendant's negative answer was evasive if not false and we cannot say the trial court

abused its discretion in ruling the answer improper.

Defendant contends plaintiff was not prejudiced by his negative answer since plaintiff knew he had given the statements and plaintiff's counsel had copies in his file. This overlooks the fact that in preparing to take plaintiff's deposition it was of proper concern to his counsel to know whether defendant had copies of the impeaching statements. The trial court ruled defendant's improper answer to Interrogatory No. 7 had prejudiced plaintiff.

Civil Rule 61.01, V.A.M.R., authorizes sanctions for *refusal* to comply with rules of discovery. The rule has been construed as authority for imposing sanctions for *untruthfully or evasively answering* interrogatories. Thomas v. Fitch, Mo.App., 435 S.W.2d 703 [2–3]; Keyte v. Parrish, Mo.App., 399 S.W.2d 601 [7].

The existence of prejudice and the determination of appropriate sanctions against a rule violator rest primarily in the sound discretion of the trial court. Missouri State Park Board v. McDaniel, Mo. App., 473 S.W.2d 744 [1]; see also Aulgur v. Zylich, Mo.App., 390 S.W.2d 553 [2, 3], where the court said: "It is well established that the trial court has a broad discretion to choose a course of action during trial when evidence is challenged on the ground it has not been disclosed by answers to interrogatories. In the sound exercise of that discretion, the trial court may admit or reject such evidence, or otherwise determine and impose appropriate sanctions for violations of rules governing interrogatories."

We cannot say the trial imposed an improper sanction by excluding the evidence obtained by defendant's improper answer to Interrogatory No. 7 and, accordingly, the judgment is affirmed.

DOWD, C. J., and WEIER and Mc-MILLIAN, JJ., concur.