**Damien F. MCMANEMIN,**
**Plaintiff–Appellant,**

v.

**John MCMILLIN, M.D., et al.,**
**Defendant–Respondent.**

No. 26004.

Missouri Court of Appeals,
Southern District.
Division One.

Feb. 1, 2005.

Motion for Rehearing and Transfer
Denied Feb. 23, 2005.

Application for Transfer Denied
April 5, 2005.

Thomas Ducey, of Belleville, IL, for Appellant.

Kent O. Hyde, Shannon A. Vahle, of Springfield, MO, for Respondent.

RAHMEYER, J.

Damien F. McManemin ("Appellant") filed a suit against John McMillan, M.D., ("Respondent"), Notami Hospitals of Missouri, d/b/a Springfield Community Hospital, and Fred Potts, II, M.D., for medical negligence on August 7, 1997.[1] After a tortured procedural history, on April 2, 2003, the court struck Appellant's pleadings for discovery violations and entered judgment for Respondent.[2] Appellant brings one point of error with three subpoints, claiming the trial court abused its discretion in granting judgment for Respondent. The judgment is affirmed.

█ The parties agree that Rule 61.01(d) allows the trial court to strike pleadings, dismiss the action or render a judgment by default if a party fails to produce documents and tangible things as requested under Rule 58.01. It is also agreed that interrogatories and a request for production were propounded to Appellant. "The existence of prejudice and the determination of appropriate sanctions against a rule violator rest primarily in the sound discretion of the trial court." *Hilmer v. Hezel*, 492 S.W.2d 395, 396 (Mo. App. E.D.1973). Although Appellant graces us only with the facts that occurred on or after February 26, 2003, the events occurring prior to that time are significant in an analysis of the reasonableness of the trial court's decision to strike Appellant's pleadings.

On January 21, 1999, one and a half years after the suit was filed, Respondent filed discovery requests, including interrogatories and a request for production.[3] Respondent filed a motion to compel Appellant to respond to discovery requests on March 22, 1999; the court sustained the motion on September 2, 1999. The Order instructed Appellant to fully and complete-

1. The remaining defendants are not parties to this appeal. Appellant's wife was also a plaintiff, but is not a party to this appeal.

2. The trial court found no just reason for delay and designated the judgment final pursuant to Supreme Court Rule 74.01(b). All rule references are to Supreme Court Rules (2003), unless otherwise stated.

3. The original petition was filed on January 24, 1995, with a trial setting for September 3, 1996. Appellant voluntarily dismissed the petition on August 7, 1996, but refiled on August 7, 1997. The docket sheet from Greene County indicates the case was filed in Greene County on May 13, 1998, on a change of venue from Jackson County, Missouri. Respondent filed an Answer and a Motion for Summary Judgment prior to the filing of discovery requests.

ly comply with the discovery requests within twenty days of the Order or Appellant's pleadings against Respondent would be stricken and judgment entered against Appellant. Appellant did not respond to the discovery requests and on October 22, 1999, the trial court entered judgment in favor of Respondent as a discovery sanction.

Shortly after his pleadings were struck, on November 9, 1999, Appellant filed the following answers to Interrogatory Nos. 25 and 26:

25. Were any of the following items completed by you or anyone acting on your behalf as a result of the occurrence alleged in your pleadings?

(a) Photographs, other than those identified previously in your answer to these interrogatories;

(b) Pictures, drawings, or diagrams or written descriptions of any kind;

(c) Video tapes or films; and

(d) Recordings, other than those identified previously in your answers to these interrogatories.

ANSWER: Yes. Of conversations with [Respondent].

26. For each affirmative answer to the items in the preceding interrogatory, state:

(a) Precise identification of each item;

(b) Date, time and place of completion and the name and address of person(s) completing same;

(c) The name and address of the custodian thereof; and

(d) Whether the person(s) completing same was expressly employed by you or anyone acting in your behalf for this purpose prior to that time and whether you claim it to be a work product.

ANSWER:

a. Tape recording of statements made by [Respondent].

b. Of visits after release from hospital.

c. Attorney, Thomas Ducey[.]

d. No.

Appellant responded to Request for Production No. 5 for any "statements" made by Respondent as follows: "[Appellant has] no statements other than the recordings previously identified which do not meet legal definition of a statement nor does [Appellant] at this time have any statements made by [Respondent's] servants, agents and employees[.]"

Approximately eight months later, on July 31, 2000, Appellant filed a motion to set aside the judgment entered against him; the trial court sustained the motion on December 4, 2000. The case was again set for trial, this time to commence on April 28, 2003. Although Appellant acknowledged the existence of statements of Respondent in discovery answers and did not claim them as work product, as of February 26, 2003, Respondent had not received any of the documents listed in Interrogatory No. 25 and requested in Request for Production No. 5. Respondent filed a motion to compel the production of the recorded statements of himself which were identified in the interrogatory answers and contemporaneously filed a notice that the motion would be set for hearing on March 5, 2003. In his motion to compel, Respondent noted that "[Appellant] claim[s] that the recordings do not meet the legal definition of a statement," but also noted the Supreme Court Rule 56.01(b)(3) definition which included stenographic, mechanical, electrical, audio, video or other recordings as a "statement." Respondent requested sanctions, including the striking of pleadings, dismissing the action and judgment by default, pursuant to Rule 61.01(d).

The day before the motion to compel was to be heard, Appellant filed a motion to continue the hearing because of a scheduling conflict of a trial which would last three or four weeks. Appellant requested that the hearing be set for "sometime mid March, 2003"; however, he did not file a notice of when his motion for continuance would be heard. On March 5, 2003, no one appeared on Appellant's behalf and the motion to compel was sustained, giving Appellant ten days to produce the recorded statements of Respondent. Counsel for Respondent faxed correspondence to Appellant's counsel that same date notifying him of the Court's ruling on the motion to compel. Appellant admits to receiving the letter, but claims a defect in not receiving the actual court order sustaining the motion to compel. Appellant thereafter did not produce the statements.

On March 21, 2003, Respondent filed a motion for sanctions and a notice of hearing for April 2, 2003, which was the date that a pre-trial conference had been set. Appellant contends in his argument that he filed a motion for a continuance due to scheduling conflicts by faxing the motion to the trial judge and Respondent's counsel on the day before the hearing; the motion for continuance is not shown as being filed, nor was a date set for a hearing on the motion. In the motion itself, Appellant requested a continuance of the hearing on Respondent's First Motion in Limine for the reason that the Motion in Limine was set without notice to counsel; the motion for continuance did not address the pending motion for sanctions. The court entered judgment in favor of Respondent on April 2, 2003, as a result of Appellant's failure to produce and comply with the Court's order compelling Appellant to produce the recorded statements of Respondent. It is from this dismissal that Appellant appeals.

■ Appellant argues that the tape recordings of conversations with Respondent were not subject to production and that it was Respondent's obligation to seek a ruling on that contention. Aside from the problem with Appellant's answers to Interrogatory No. 26, where he denied the statements were work product, that argument was never properly placed before the trial court. At no time did Appellant properly raise a work product defense to the court, nor did the trial court ever rule on that contention. In his point relied on, Appellant did not posit trial court error regarding any ruling whether the "statements" were in fact protected by any work product claim.[4] We therefore assume, as the trial court was free to do, that the tape recordings were subject to proper discovery requests to which Appellant never responded.

■ In his point relied on, Appellant claims he was not given reasonable notice of the hearings in which his pleadings were to be stricken; second, he claims there was no evidence that his conduct showed a contumacious and deliberate disregard for the authority of the court; and, third, there was no evidence that [Respondent] suffered prejudice because of any noncompliance with discovery. The facts do not support Appellant's contentions.

Keeping in mind that Appellant's claim of error concerns the grant of sanctions on April 2, 2003, our analysis is whether proper notice was given on March 21, 2003, for a hearing set on April 2, 2003. Although Appellant contends he was not given reasonable notice because opposing counsel knew Appellant's counsel was not available, his contention has no merit. A pre-

4. A transcript of a tape recording is a statement within the terms of Rules 56.01 and 57.01(b). *Combellick v. Rooks,* 401 S.W.2d 460, 464 (Mo. banc 1966).

trial conference was set for April 2, 2003, for a trial date of April 28, 2003; the notice for the motion for sanctions was set for the pre-trial date. The motion for continuance was not faxed to the court until the day before the hearing. Appellant provides no cases to support any theory that the notice was not reasonable in time; his theory is that he was not given an opportunity to present his views because he could not be present. Although in his argument he claims that the "[Respondent] set motions . . . when he knew the attorney for the [Appellant] was in trial," Appellant presented no evidence that Respondent knew Appellant was unavailable when the matter was set for hearing.

Appellant is actually arguing that, after Respondent and the court were informed of the unavailability of Appellant's counsel for the pretrial conference, it was unreasonable to have a hearing on the motion for sanctions. In other words, the trial court abused its discretion when it failed to continue the hearing of a motion that was not filed, which did not address the merits of the motion to compel or for sanctions, which was faxed to the court the day before the pretrial conference, and which was never properly "noticed up." We find no abuse of discretion. Appellant was given adequate notice on March 21, 2003, that a motion for sanctions would be argued before the court on April 2, 2003. He was given an opportunity to be heard and chose not to avail himself of that opportunity.

■ Appellant's second subpoint alleges trial court error in entering judgment against him because his behavior was not contumacious and in disregard for the authority of the court. We note the earlier dismissal for failure to respond to discovery requests and the time delay in re-

questing the dismissal be set aside. Again, with a trial date in the near future, the failure of Appellant's counsel to appear for a pretrial conference along with the failure to produce a properly requested recording provides a basis for the trial court to find Appellant's actions to be contumacious and with deliberate disregard for the trial court's authority. *See Norber v. Marcotte,* 134 S.W.3d 651, 660 (Mo.App. E.D.2004) (incomplete, unverified, and unorganized production of documents warrants sanctions including judgment against the producer of the documents); *see also Amick v. Horton,* 689 S.W.2d 369 (Mo.App. S.D.1985) (the failure to answer interrogatories despite four warnings by an attorney and two orders by the court manifests contumacious and deliberate disregard for the trial court's authority). Appellant's second subpoint has no merit.

■ Appellant's final subpoint argues that there was no evidence that Respondent suffered prejudice because of Appellant's alleged non-compliance with discovery and is also without merit. Again, we note that the trial was to start twenty-six days after the pretrial conference and, yet, Respondent had not received any of his own purported statements. Respondent cannot show the extent of prejudice to him because the statements have never been produced.[5] We find no abuse of discretion in the trial court's finding that Respondent was prejudiced by the failure of Appellant to comply with discovery. Point denied.

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

5. *See Combellick v. Rooks,* 401 S.W.2d at 464, (defendant was prejudiced by the use of a previous transcript of a police court recording after plaintiff failed to disclose its contents in answers to interrogatories).