866 P.2d 401

**Efrain BUSTILLOS, Claimant–Appellant,**

v.

**CONSTRUCTION CONTRACTING and CNA Insurance Companies, Respondents–Appellees.**

**No. 14806.**

Court of Appeals of New Mexico.

Nov. 22, 1993.

Laurence P. Guggino, Jr., Apodaca, Jarner & Guggino, Los Lunas, for claimant-appellant.

John H. Sinclair, Jr., Hatch, Allen & Shepherd, P.A., Albuquerque, for respondents-appellees.

## OPINION

HARTZ, Judge.

In *Sandoval v. Martinez*, 109 N.M. 5, 780 P.2d 1152 (Ct.App.), *cert. denied* (July 27, 1989), we upheld the authority of the district court under our rules of civil procedure to dismiss a plaintiff's lawsuit as a sanction for lying in response to interrogatories. We emphasized, however, that (1) the trial on the merits should ordinarily be the forum for determining whether a party is telling the truth and (2) the justification for dismissal is the plaintiff's disruption of the discovery process, not the plaintiff's lying about the merits of the cause of action. In this case the Workers' Compensation Judge dismissed Worker's claim with prejudice because he "gave false and misleading responses to [i]nterrogatories and deposition questions ... with the intent to deceive the Employer with regard to material facts of the case." Because we are not confident that the judge gave proper consideration to the two above-mentioned limitations expressed in *Sandoval*, we remand for further consideration.

## I. FACTS

We decide this appeal by Worker on our summary calendar. We accept as true the undisputed assertions of fact stated in the docketing statement and the parties' memoranda in opposition to our calendar notices. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct.App.1978).

Worker was employed as a cement finisher when he was injured at work on June 10, 1991. After receiving temporary total disability benefits for a little more than a month, he returned to work for Employer until he was laid off in January 1992. He then filed a claim for disability benefits.

On March 11, 1993, Worker mailed responses to interrogatories served upon him by Employer. One interrogatory requested every job in which he had been employed during the prior fifteen years. His answer did not mention any employment after his layoff by Employer. During the period March 20–22, 1993, private investigators retained by Employer videotaped Worker helping his brother in landscape work, including raking, using a pick, and lifting a wheelbarrow. A homeowner told the investigator that Worker was scheduled to return on March 24 to add gravel to a walkway and bricks to a

chimney. Worker was deposed on April 1, 1993. At the deposition he testified that he had done no work since being laid off, including work on his own or work for anyone else. He stated that he had trouble bending over, but that he had done a little raking and hammering in his yard. He said that he could not do landscaping work because it was too difficult.

Employer moved for dismissal of Worker's claim pursuant to SCRA 1986, 1–037(D) (Repl.Pamp.1992), and this Court's application of that rule of civil procedure in *Sandoval.* The Workers' Compensation Administration (WCA), pursuant to its rule-making authority, NMSA 1978, Section 52–5–4 (Repl. Pamp.1991), has adopted the New Mexico Rules of Civil Procedure for the District Courts except to the extent that they are contrary to the Workers' Compensation Act or other rules adopted by the WCA. Rules Governing Formal Hearings, N.M. Workers' Comp. Admin. Rule 92.3.1 (October 1992). Worker does not contend that the rules of discovery relied upon by Employer are inconsistent with the Act or with rules adopted by the WCA. The judge granted the motion and dismissed Worker's claim with prejudice.

## II. DISCUSSION

### A. *Sandoval v. Martinez*

In *Sandoval* we considered whether the district court had properly dismissed the plaintiff's complaint with prejudice on the ground that she had lied in answers to interrogatories. We considered Rule 1–037(D), which states in pertinent part:

D. ... If a party ... fails[:]

(1) to appear before the officer who is to take his deposition, after being served with a proper notice;

(2) to serve answers or objections to interrogatories submitted under Rule 1–033, after proper service of the interrogatories; or

(3) to serve a written response to a request for inspection submitted under Rule 1–034, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Subparagraphs (a), (b) and (c) of Subparagraph (2) of Paragraph B of this rule [which includes the sanction of dismissal].

The rule explicitly provides that a complaint may be dismissed as a sanction for failing to serve answers or objections to interrogatories. *Sandoval* held that a false response to an interrogatory can be tantamount to no response. We reasoned:

An interrogatory answer that falsely denies the existence of discoverable information is not exactly equivalent to no response. It is *worse* than no response. When there is no response to an interrogatory or the response is devoid of content, the party serving the interrogatory at least knows that it has not received an answer. It can move the court for an order to compel a response pursuant to Rule 1–037(A). If the response is false, however, the party serving the interrogatory may never learn that it has not really received the answer to the interrogatory. The obstruction to the discovery process is much graver when a party denies having had a prior accident than when the party refuses to respond to an interrogatory asking if there have been any prior accidents.

*Sandoval,* 109 N.M. at 8–9, 780 P.2d at 1155–56.

In *Sandoval* the plaintiff had sued the defendants for personal injuries to her neck, back, and legs allegedly suffered in an automobile accident. Three interrogatories asked her whether she had ever been in a prior auto accident, whether she had suffered any physical injury in such an accident, and whether she had undergone any surgical operations prior to the accident in question. She responded "N/A" to each question. The defendants' counsel later discovered that the plaintiff had suffered injuries in two prior automobile accidents, on one occasion requiring surgery. The injuries included injuries to her cervical spine and head. We held that under the facts of that case the district court could properly dismiss the plaintiff's claim because of her willful, bad faith falsehoods.

Although any judge is likely to be disturbed by a party's perjury and feel compelled to impose some sanction, we empha-

sized in *Sandoval* the limited nature of the provision for sanctions under Rule 1–037(D). We noted the concern expressed in the amicus briefs by the New Mexico Trial Lawyers Association and the New Mexico Defense Lawyers Association that the availability of the sanction of dismissal for perjury could encourage litigators to try to avoid a loss on the merits by excessive discovery activity and motion practice. We also noted that ordinarily the trial is the proper forum to determine whether a party has lied on the merits. We repeat at length our discussion of the circumstances that may justify dismissal for false answers to interrogatories:

In our view, two critical aspects of the falsehood in this case relate to the subject matter of the interrogatory answers. The answers (1) were not direct assertions of material elements of a claim or defense and (2) *did* deceive defendants about the existence of discoverable information that could be critical to preparation for trial. Obviously, whether an interrogatory answer satisfies these conditions is a matter of degree. A hypothetical example, however, may illustrate the distinctions being drawn and why they are material to the propriety of sanctions under Rule 1–037. Consider an interrogatory answer in which a party in an automobile accident case states that he was attentive and driving within the speed limit at the time of the crash. In that hypothetical situation, to determine that the answer was false, the court would have to preempt the trial itself and make a finding on a matter that would be essential to the claim or defense. In the absence of grounds for summary judgment, that task ordinarily should not be performed in response to a pretrial motion to dismiss or default a party, although perhaps a court properly could impose sanctions on the liar after trial. *Cf.* R. 1–037(C) (permitting court to order party to pay opposing party for reasonable expenses incurred to prove a matter that party did not admit in response to Rule 1–036 request for admission). In addition, in the hypothetical situation the party that served the interrogatory was not prejudiced in its *preparation* for trial by the false answer; on the contrary, the answer served the purpose of informing the interrogating party of contentions it needed to prepare to meet at trial. (In fact, because the answer did not conceal the existence of discoverable information, Rule 1–037(D) may not even apply, although we need not decide here whether in some cases a false answer is not tantamount to a failure to answer.)

In contrast, in this case the district court's determination that plaintiff lied did not preempt the fact-finding role of the trial in any substantial measure. The *existence* of the discoverable information was not an element of a claim or defense. Moreover, plaintiff's false answer could have undermined seriously defendants' preparation for trial by denying them a legitimate avenue of investigation into matters that were relevant, perhaps even dispositive, on the questions of causation and damages. Because the chief purpose of interrogatories is to facilitate preparation for trial, the imposition of sanctions should be guided by the extent to which that purpose has been obstructed. In short, the district court proceeding in this case (1) did not violate the policy in favor of deferring certain fact findings until trial and (2) did advance the policy in favor of facilitating trial preparation.

*Id.* at 11, 780 P.2d at 1158.

### B. *Application of Sandoval to This Case*

We first point out an important distinction between *Sandoval* and this case. *Sandoval* concerned only the appropriate sanction for lying in response to an *interrogatory*. Here, in contrast, Employer's motion to dismiss and the judge's order of dismissal make clear that the dismissal was based, at least in part, on false and misleading responses to *deposition* questions. *Sandoval* did not address whether Rule 1–037(D) permits imposition of the sanction of dismissal upon a party who lies in response to deposition questions. Worker, however, makes no claim that an answer to a deposition question should be treated any differently than an answer to an interrogatory for purposes of application of Rule 1–037(D). Therefore, we leave to an-

other day the issue of whether that rule applies to a false answer to a deposition question. *Cf. Doanbuy Lease & Co. v. Melcher,* 83 N.M. 82, 84, 488 P.2d 339, 341 (1971) (disruptive conduct at deposition equated with a refusal to appear), *discussed in Sandoval,* 109 N.M. at 8, 780 P.2d at 1155. (This is not to question the propriety of considering a false answer in a deposition as evidence of a party's state of mind in providing a false answer to an interrogatory.)

 Employer's motion to dismiss relied on a variety of alleged misrepresentations by Worker. One was the interrogatory answer which failed to list landscaping that Worker allegedly had been performing with his brother. Yet, there appears to have been no direct evidence that Worker had conducted landscaping with his brother prior to service of the interrogatory answer. The only evidence that the interrogatory answer was deceitful was observation of Worker's landscaping work nine days after he served the interrogatory answer. This is an insufficient evidentiary basis to justify dismissal. (Perhaps as a result of recognition of the lack of evidence that the interrogatory answer was false, Employer commented in its motion to dismiss that Worker had failed to supplement his interrogatory answers to report his later employment. On April 14, 1993, however, Employer, in response to a request for production from Worker, had provided Worker with a copy of a videotape of the March surveillance. Worker thus knew approximately three weeks after the surveillance that Employer was aware of the evidence of Worker's landscaping activity. In that circumstance, failure to update the interrogatory answer immediately could not justify the extreme sanction of dismissal. Of course, this evidence of misconduct by Worker would be a proper consideration in weighing an appropriate sanction for any other discovery abuse by Worker.)

 The other alleged falsehoods by Worker were answers to deposition questions. Employer's motion to dismiss describes answers relating to two different, although closely related, subjects. First, the motion alleges false testimony by Worker regarding his physical capacities. Worker testified that he could not perform certain functions that were apparently recorded by the videotape surveillance. These answers, even if properly found to be intentional falsehoods, would not justify dismissal under Rule 1–037(D). These answers did not deceive Employer "about the existence of discoverable information that could be critical to preparation for trial." *Sandoval,* 109 N.M. at 11, 780 P.2d at 1158. The answers did not undermine the discovery · process. They were not tantamount to refusals to answer the questions. The answers were similar to the answer in the hypothetical example in *Sandoval,* in which a party to an automobile accident case responds to an interrogatory by stating that he was attentive and driving within the speed limit at the time of the crash. In this case, as in the hypothetical example, "the party that served the interrogatory was not prejudiced in its *preparation* for trial by the false answer; on the contrary, the answer served the purpose of informing the interrogating party of contentions it needed to prepare to meet at trial." *Id.* Moreover, Worker's physical capacity was a matter central to the merits of his case, and his veracity on that subject ordinarily should be decided at trial.

 The second category of allegedly false testimony by Worker upon which Employer relied in its motion to dismiss consists of Worker's denials of employment after being laid off by Employer. These alleged lies satisfy the two criteria in *Sandoval:* (1) Worker's physical capacity, not his actual employment, would be an issue at trial, so the judge's determination of whether Worker was lying about his employment did not, strictly speaking, preempt the trial; and (2) Worker's lies could have prejudiced Employer's preparation for trial because Employer, if it had relied upon Worker's testimony, would not have known of the existence of other potential witnesses—Worker's brother and the homeowners for whom Worker and his brother worked. On the other hand, as noted in *Sandoval,* satisfaction of these two criteria is generally a matter of degree. The gist of Employer's complaint regarding this false testimony was essentially that Worker had lied about something central to the case.

678

Employer's motion to dismiss makes no mention of any specific prejudice it could have suffered in preparing for trial as a result of Worker's false testimony. (In making such an argument Employer would be entitled to assume that it had not conducted surveillance prior to the testimony.) More importantly, the judge's order of dismissal does not refer to prejudice to the discovery process. The order states only that the responses "were given with the intent to deceive the Employer with regard to material facts of the case." We reiterate that Rule 1–037(D) does *not* empower a judge to dismiss a claim because of perjury regarding the material issues in the case. The purpose of the rule is to curb *discovery* abuse. The record raises considerable doubt that the penalty here was imposed for that purpose.

We also note that while we are quite deferential to the trial tribunal in its choice of sanctions, *Sandoval,* 109 N.M. at 11, 780 P.2d at 1158, we will not assume that the trial judge will always exercise that discretion to impose the maximum sanction. Rule 1–037(D) does not compel dismissal whenever a party's perjury constitutes a discovery abuse. The trial tribunal, in its discretion, may impose a wide range of sanctions. For example, the perjuring party could be required to pay all expenses arising from the perjury. *See* SCRA 1–037(B)(2). These expenses might include the cost of proving the perjury. *See Sandoval,* 109 N.M. at 9, 780 P.2d at 1156.

Thus, although some of Worker's answers may justify dismissal under *Sandoval,* our review of the matter leaves us with considerable doubt that the judge based the dismissal on those answers and that the dismissal was imposed as a penalty for the disruption that the answers could have caused to the discovery process. In the circumstances present here, we cannot assume that the judge would have ordered dismissal if he had followed the dictates of *Sandoval.* Therefore, we reverse the order of dismissal and remand for further consideration of Employer's motion in light of the legal principles set forth in this opinion and *Sandoval.* If the judge proceeds to impose a sanction, he should explicitly state the discovery abuses by Worker that form the predicate for the sanction.

## III. CONCLUSION

Finally, we note that we have considered Worker's contention that there is insufficient evidence to support the judge's finding that Worker intentionally lied during his deposition. We reject the contention. *Cf. Sandoval,* 109 N.M. at 12–13, 780 P.2d at 1159–60 (dismissal can be based on documentary evidence).

We reverse and remand for further proceedings consistent with this opinion. We award no costs or attorney fees on appeal.

**IT IS SO ORDERED.**

ALARID and FLORES, JJ., concur.