11 P.3d 603

2000-NMCA-091

**Arlene REED, Plaintiff–Appellant/Cross–Appellee,**

v.

**FURR'S SUPERMARKETS, INC., Defendant–Appellee/Cross–Appellant.**

No. 19,993.

Court of Appeals of New Mexico.

Aug. 22, 2000.

Certiorari denied, No. 26,562, Oct. 11, 2000.

Alexander A. Wold, Jr., Wold & Hart, P.A., Albuquerque, NM for Appellant/Cross–Appellee.

Josh A. Harris, Beall & Biehler, P.A., Albuquerque, NM, for Appellee/Cross–Appellant.

WECHSLER, Judge.

## OPINION

{1} Plaintiff Arlene Reed appeals the district court's order dismissing her lawsuit against Furr's Supermarkets, Inc. (FSI), with prejudice. The district court dismissed Plaintiff's lawsuit as a sanction for discovery violations. FSI cross-appeals the district court's order denying FSI its costs. We affirm.

*Facts*

{2} Plaintiff filed her complaint against FSI on April 2, 1996. In her complaint, Plaintiff alleged that she fell and sustained injuries while shopping at a Furr's supermarket in Albuquerque. FSI answered the complaint and the parties thereafter began the discovery phase of the lawsuit.

{3} FSI made several requests to depose Plaintiff, beginning February 18, 1997. FSI also sought answers to interrogatories. FSI's attempts to take the deposition were thwarted by Plaintiff's claims that she was unable to withstand the physical and emotional demands of a deposition. After several attempts to obtain answers to interrogatories and releases for Plaintiff's medical and other records and to make arrangements to take Plaintiff's deposition, FSI filed a motion to compel Plaintiff to produce documents and answer interrogatories. The district court held a hearing on the motion and entered an order compelling Plaintiff to comply with certain portions of FSI's discovery requests.

{4} FSI ultimately deposed Plaintiff and received applicable documents. It then moved the district court to dismiss Plaintiff's lawsuit as a sanction for her failure to comply with discovery. FSI alleged that Plaintiff had withheld information from FSI and had misrepresented the nature of her preexisting medical conditions. FSI specifically alleged that Plaintiff had misrepresented her past medical conditions by denying that she (1) kept a pain diary; (2) experienced daily headaches; (3) had prior incidents of fatigue; (4) was diagnosed with psychological disorders; (5) suffered from extreme stress; (6) suffered from lower back pain; (7) suffered from chronic illnesses and pain; (8) suffered from extreme anxiety; (9) had a history of fevers; (10) experienced pelvic and abdominal pain, heart palpitations, and dizziness; and (11) had difficulty walking and climbing stairs. FSI also alleged that Plaintiff misrepresented portions of her employment history; namely, that she denied having had employment privileges taken away.

{5} In response, Plaintiff filed an affidavit which stated her explanations for the apparent discrepancies between the answers she gave in her depositions and interrogatories and the information revealed in her medical and employment records. In her affidavit, Plaintiff explained that any differences between her answers and the information in her medical records and employment history were due to the fact that she interpreted the meaning of the questions more narrowly than FSI had expected. In general, Plaintiff's affidavit provided detailed explanations as to each allegation in FSI's motion. She explained, for instance, that when she was asked about a pain diary, she thought that her simple notes on paper did not qualify as a diary. Another example of the type of explanations Plaintiff submitted was that she interpreted the questions about past pelvic pain to exclude pelvic pain arising from "female problems."

{6} The district court held a hearing on FSI's motion to dismiss at which both FSI and Plaintiff presented arguments to the court. The district court granted the motion to dismiss, stating:

> I think what there's been here is an intentional pattern of deception with respect to past medical history. I don't think any one item standing alone would do it, but we have item after item after item, and then, in addition to that, there's a ten-page affidavit that gets quite specific as to times [and] dates ... which explains or tries to explain away all of the previous misrepresentations.
>
> I just think that the whole process goes right to the integrity of the function of a trial court. If we can't have honesty in discovery, then we're not going to have an honest result. I'm going to grant the motion, with prejudice[,] for abuse of the discovery process.

*Propriety of Dismissal*

*Sanctions for False Answers to Interrogatories or Deposition Questions*

{7} Rule 1–037(D) NMRA 2000 authorizes the district court to impose sanctions upon a party for failure to attend a deposition or to answer interrogatories. The type of sanctions available to the district court are authorized by Rule 1–037(B)(2). Dismissal is among the sanctions available. *See id.* This

Court has previously held that false answers to interrogatories were equivalent to, if not worse than, failing to answer at all. *See Sandoval v. Martinez,* 109 N.M. 5, 8, 780 P.2d 1152, 1155 (Ct.App.1989). As a result, dismissal can be an appropriate sanction for false answers to interrogatories under Rule 1–037(D). *See Sandoval,* 109 N.M. at 11–12, 780 P.2d at 1158–59.

■ {8} Although we have held that false answers to interrogatories warrant the sanction of dismissal in appropriate circumstances, this Court has not specifically held that false answers to deposition questions may be subject to sanctions under Rule 1–037(D). *See Bustillos v. Construction Contracting,* 116 N.M. 673, 676–77, 866 P.2d 401, 404–05 (Ct.App.1993) ("[W]e leave to another day the issue of whether [dismissal as a sanction] applies to a false answer to a deposition question."). The premise for allowing the district courts to impose sanctions for false answers during depositions would follow the rationale allowing sanctions for false answers to interrogatories; that is, a false answer in a deposition is akin to a "[f]ailure ... to attend [a] ... deposition." Rule 1–037(D); *see also Sandoval,* 109 N.M. at 8, 780 P.2d at 1155 (a false answer to an interrogatory "is *worse* than no response"). Both forms of discovery abuse undermine the discovery process and demonstrate either "a willful, intentional and bad faith attempt to conceal evidence or [a] gross indifference to discovery obligations." *Medina v. Foundation Reserve Ins. Co.,* 117 N.M. 163, 166, 870 P.2d 125, 128 (1994). Thus, for the purpose of sanctions under Rule 1–037(D), we do not see any reason to distinguish false answers to deposition questions from false answers to interrogatories. *See Sandoval,* 109 N.M. at 9, 780 P.2d at 1156 ("District courts have a *duty* to enforce compliance with rules of discovery, and they should not shirk from imposition of the sanction of dismissal."). We will not analyze the answers to the deposition questions in this case differently from the answers to the interrogatories.

*Standard for Dismissal*

■ {9} Dismissal is an appropriate sanction for false answers during discovery when a party's misrepresentations are made willfully or in bad faith. *See Medina,* 117 N.M. at 166, 870 P.2d at 128. "A willful violation of [Rule] 1–037 occurs when there is a conscious or intentional failure to comply with the rule's requirements." *Id.* "When a party has displayed a willful, bad faith approach to discovery, it is not only proper, but imperative, that severe sanctions be imposed to preserve the integrity of the judicial process and the due process rights of the other litigants." *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 241, 629 P.2d 231, 317 (1980).

■ {10} We review a district court's dismissal of a plaintiff's case for discovery violations for abuse of discretion. *See Medina,* 117 N.M. at 166, 870 P.2d at 128; *see also United Nuclear Corp.,* 96 N.M. at 239, 629 P.2d at 315 (reviewing propriety of a default judgment against the defendant for discovery abuse). Dismissal is a severe sanction, but the district court is justified in imposing the sanction and does not abuse its discretion "when a party demonstrates flagrant bad faith and callous disregard for its [discovery] responsibilities." *Medina,* 117 N.M. at 166, 870 P.2d at 128. Furthermore, despite the severity of dismissal as a sanction, the district court is "not required to impose lesser sanctions before it imposes the sanction of dismissal." *Id.*

*District Court's Application of the Standard in this Case*

■ {11} FSI sought Plaintiff's answers to interrogatories and attendance at depositions on many occasions. Plaintiff continually rebuffed FSI's efforts. FSI then sought the district court's assistance in gaining Plaintiff's participation in the discovery process by filing a motion to compel. The district court granted the motion in part. FSI then sought dismissal after a comparison between Plaintiff's answers to deposition questions and interrogatories and her medical and employment records revealed discrepancies. FSI explained these discrepancies to the district court in its motion to dismiss. Plaintiff attempted to explain her discovery answers in the affidavit she submitted to the court.

{12} The district court was not persuaded by the explanations in Plaintiff's affidavit. Plaintiff's explanations did no more than describe her understanding of the questions and present her rationale for the inconsistencies between her answers and the information provided in her medical records. Her misperception of the depth of the questions was inadequate to refute FSI's allegations that she misrepresented her health and employment history.

{13} The design of the discovery process is to avoid surprise in trial preparation and promote the opposing party's ability to "obtain the evidence necessary to evaluate and resolve [the] dispute." 6 James Wm. Moore, *Moore's Federal Practice* § 26.02, at 26–25 (Daniel R. Coquillette et al. eds., 3d ed.1997). By continually shading her answers to discovery requests to mask her previous medical conditions, Plaintiff's deception undermined the discovery process.

{14} Plaintiff's discovery abuse, moreover, was not a situation of isolated instances of vague and unresponsive answers to a discovery request. Rather, Plaintiff repeatedly misrepresented her past medical history, demonstrating her "intentional failure to comply with the ... requirements [of Rule 1–037]." *Medina,* 117 N.M. at 166, 870 P.2d at 128. This type of behavior indicates a pattern of providing false and misleading answers and establishes willfulness and bad faith and opens the door to the sanction of dismissal. *See id.; see also* 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2281, at 595 (2d ed. 1994) ("[A]ny party or person who seeks to evade or thwart full and candid discovery incurs the risk of serious consequences."). As a result, the district court did not abuse its discretion in dismissing Plaintiff's case because Plaintiff willfully abused the discovery process. *See Medina,* 117 N.M. at 166, 870 P.2d at 128.

### Plaintiff's Arguments

#### District Court as Fact Finder

{15} Plaintiff argues that the district court abused its discretion because it improperly sat as a fact finder at the hearing on FSI's motion to dismiss. Plaintiff essentially advances two arguments in this regard. First, Plaintiff challenges the district court's authority to decide facts that might be an issue at trial while the court is deciding whether Plaintiff abused the discovery process. Second, Plaintiff argues that the district court improperly determined her credibility and that only a jury should have been assigned that role.

**1.** *Plaintiff's Misrepresentations and Their Relationship to Facts at Trial*

{16} In making these arguments, Plaintiff attempts to distinguish the ultimate importance of the type of information she misrepresented. Plaintiff contends that her veracity concerning her medical history was a contested issue of fact to be disposed of at trial. She relies on *Bustillos,* in which we stated that "ordinarily the trial is the proper forum to determine whether a party has lied on the merits." *Bustillos,* 116 N.M. at 676, 866 P.2d at 404.

{17} Plaintiff's argument seems to rest on an apparent distinction in *Bustillos* between the type of information a party misrepresents and the appropriate sanction for such misrepresentation. In *Bustillos,* while applying this Court's holding in *Sandoval,* we distinguished between information that would be an issue at trial and information that would simply lead to additional avenues of discovery. *See Bustillos,* 116 N.M. at 677, 866 P.2d at 405. We explained that in a workers' compensation case, the worker's physical capacity would be an issue at trial, while his employment history would not. *See id.* On this basis, we held that the sanction of dismissal for false answers to interrogatories about physical capacity would not be appropriate, even though the same sanction for false answers to interrogatories about the worker's employment history could be justified.

{18} In *Bustillos,* we reasoned that the worker's answers to questions concerning his physical capacity did not inhibit the employer's ability to continue its discovery and its preparation for trial because the answers merely informed the employer of the worker's contentions on a matter "central to the merits of his case." *Id.* We stated that "ve-

racity on [the worker's physical capacity] ordinarily should be decided at trial." *Id.* We also reasoned that the worker's answers to questions concerning his employment history could be the basis for dismissal of his case because false answers about this subject could obstruct the employer's ability to prepare for trial by foreclosing the discovery of witnesses, as well as other possible avenues of discovery. *See id.* at 677–78, 866 P.2d at 405–06. Importantly, in *Bustillos* "[t]he only evidence [showing] that the interrogatory answer was deceitful was observation of [the][w]orker's landscaping work nine days after he served the interrogatory answer." *Id.* at 677, 866 P.2d at 405. Thus, in *Bustillos*, the party moving for dismissal did not demonstrate that the allegedly false answers to the interrogatories were made willfully or in bad faith because the possibility remained that the worker's physical capacity had improved and he had not started working until after he answered the interrogatories. *See id.*

{19} After *Bustillos*, our Supreme Court decided *Medina.* In *Medina* the Supreme Court construed the holding of this Court's opinion in *Sandoval*, which upheld the district court's dismissal of a tort suit for injuries arising out of a car accident in which the plaintiff gave false answers to interrogatories about previous car accidents and injuries. *See Sandoval*, 109 N.M. at 6–7, 780 P.2d at 1153–54. In *Sandoval*, this Court stated:

In our view, two critical aspects of the falsehood in this case relate to the subject matter of the interrogatory answers. The answers (1) were not direct assertions of material elements of a claim or defense and (2) *did* deceive defendants about the existence of discoverable information that could be critical to preparation for trial.

*Id.* at 11, 780 P.2d at 1158. In *Medina*, our Supreme Court construed *Sandoval*, making clear that several factors that appeared in *Sandoval* to be prerequisites to the sanction of dismissal for discovery abuse, are in fact not prerequisites. *See Medina*, 117 N.M. at 166–67, 870 P.2d at 128–29. First, the Supreme Court stated that *Sandoval* did not hold that the party moving for dismissal was required to show that the misrepresentations

deceived the moving party in fact or that the party relied on the false information. *See Medina*, 117 N.M. at 166, 870 P.2d at 128. Second, the Court construed *Sandoval* as not requiring, as a prerequisite to dismissal, that the information misrepresented be "critical to preparation for trial." *Id.* Finally, the Court stated that while dismissal is "guided by the extent to which preparation for trial has been obstructed," the ultimate importance of the information misrepresented is not a precondition to dismissal. *Id.* at 166–67, 870 P.2d at 128–29.

{20} Based on *Medina*, we conclude that when a plaintiff misrepresents information during discovery, dismissal is not dependent upon whether the information goes to the merits of the case or upon "the ultimate importance of the false or deceptive information." *Id.* at 166–67, 870 P.2d at 128–29. Instead, the degree to which a plaintiff's misrepresentations obstruct further discovery should guide the district court's decision to dismiss; however, such obstruction is not the only factor to consider. We emphasize that the touchstone to the propriety of dismissal is whether the deceitful party acted willfully, in bad faith, or in "callous disregard for its [discovery] responsibilities." *Id.* at 166, 870 P.2d at 128. Willfulness and bad faith are most certainly prerequisites for the severe sanction of dismissal, although the other considerations discussed in *Bustillos* and *Sandoval* may be additional factors to consider when analyzing the propriety of dismissal as a sanction for discovery abuse.

{21} The district court is vested with wide discretion to impose discovery sanctions. *See Medina*, 117 N.M. at 166, 870 P.2d at 128. The district court exercises its discretion based upon the type of false information and its overall impact on the nondeceiving party's ability to prepare for trial. However, before imposing dismissal as a sanction, the district court must find that the false information arose as a result of willfulness, bad faith, or callous disregard for the party's discovery obligations. *See id.* Of course, even in the face of a finding of willfulness, bad faith, or callous disregard for one's discovery obligations, a district court may

impose a lesser sanction in the exercise of its discretion. *Cf.* Rule 1–037(B).

{22} In this case, the district court specifically found that Plaintiff's misrepresentations concerning her medical history demonstrated "an intentional pattern of deception." The district court also found that one of Plaintiff's misrepresentations alone might not have been egregious enough to dismiss her case. However, the sheer volume of misrepresentations persuaded the court that dismissal was appropriate. The record supports this conclusion. The record reflects that Plaintiff gave false or misleading answers in at least twenty-one instances to either FSI's interrogatories or FSI's deposition questions. The volume of misleading information also persuades us that Plaintiff's misrepresentations were willful. The district court, therefore, did not abuse its discretion when it dismissed Plaintiff's case.

### 2. *Credibility*

{23} Plaintiff also argues that the district court improperly sat as a fact finder at the hearing on the motion to dismiss, which resulted in the court's improper evaluation of her credibility. But Plaintiff fails to account for the difference between a witness's credibility at trial, which determination is reserved for the fact finder, and the role of the district court during a motion hearing. *See Thomasson v. Johnson*, 120 N.M. 512, 514, 903 P.2d 254, 256 (Ct.App. 1995) (stating that in motion for modification of child support, district court can evaluate credibility); *State v. Anderson*, 107 N.M. 165, 167, 754 P.2d 542, 544 (Ct.App.1988) (stating that voluntariness of consent during a suppression hearing is a factual question to be resolved by the district court and that credibility of the witnesses can be determined); *State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983) (stating that in a motion to suppress, the district court is the trier of fact and that resolution of credibility is appropriate).

{24} We emphasize that the hearing arose from FSI's motion to dismiss for discovery abuse. The district court, as the arbiter of discovery, can determine whether a party has abused the discovery process. We do not empanel a jury for every pre-trial issue that arises in a case. Such a requirement would unduly burden pre-trial procedure.

{25} In this case, the motion alleged that Plaintiff had misrepresented the nature of her medical history and her employment history. Plaintiff responded to those allegations by filing an affidavit. The district court could properly decide whether Plaintiff had abused the discovery process on the record before it, based upon an evaluation of the truthfulness of Plaintiff's answers. *See Medina*, 117 N.M. at 165–66, 870 P.2d at 127–28 (upholding district court's finding that party had given false answers to discovery inquiries). The district court's determination that Plaintiff abused the discovery process did not usurp trial on the merits solely because such determination involved a consideration of Plaintiff's credibility as an affiant during discovery. The district court's assessment of credibility as it relates to abuse of the discovery process is merely a determination of whether the party was providing answers that obstructed the discovery process. This determination, while it does involve credibility and truthfulness, does not preempt trial on the merits because the district court is not deciding the truth of the merits or the ultimate facts of the case. As a result, insofar as Plaintiff's credibility was considered by the district court to determine whether she abused the discovery process, the court did not usurp the jury's function and did not err.

### *FSI's Failure to Demonstrate Prejudice to Either FSI or the Discovery Process*

{26} Plaintiff further argues that FSI failed to demonstrate that it was hindered in its ability to gather information or that Plaintiff's actions prejudiced the discovery process. We interpret this argument as asserting that FSI had the burden to show such prejudice.

{27} Our Supreme Court's opinion in *Medina* does not address the lack of a demonstration of prejudice as a basis for reversing a district court's order dismissing a plaintiff's case, as discussed in *Bustillos*, 116 N.M. at 677–78, 866 P.2d at 405–06. We glean from *Medina*, however, that the party seek-

ing dismissal does not have to show prejudice to its trial preparation to be entitled to dismissal.

{28} As we have discussed, in *Medina*, the Supreme Court clarified that *Sandoval* does not require as a precondition to dismissal: (1) that the party seeking dismissal be deceived in fact or that the party relied on the misrepresentations; (2) that the information misrepresented be critical to preparation for trial; and (3) that dismissal be preconditioned upon the "ultimate importance of the false or deceptive information." *Medina*, 117 N.M. at 166–67, 870 P.2d at 128–29. If dismissal under *Medina* is not preconditioned on actual deception or reliance, the impact on trial preparation, or the ultimate importance of the information, it follows that the party seeking dismissal is not required to show prejudice as a precondition to dismissal, as *Bustillos* suggested was necessary. Nonetheless, prejudice may be a factor for the district court to consider when evaluating the propriety of dismissal for discovery abuse.

{29} Therefore, based upon our reading of *Medina*, FSI was not required to show that its trial preparation was prejudiced, or that it was prejudiced because of the ultimate importance of the misrepresentations at issue. *See Medina*, 117 N.M. at 166–67, 870 P.2d at 128–29. Nor was FSI required to show actual reliance or deception in fact. *See id.* at 166, 870 P.2d at 128 ("It would be ridiculous to allow a party who completely thwarts discovery to escape penalty simply because it could not be proven that other litigants were in fact deceived by such misconduct or actually relied upon it."). Rather, the overriding concern is abuse of the discovery process, and as a result, the non-deceiving party must show that the misrepresentations were significant to the discovery process. *See* 8 Wright, *supra*, § 2001, at 40 (explaining that the purpose of discovery is to "provide the means for determining the precise issues and obtaining the information that each party needs to prepare for trial").

{30} In addition, Plaintiff claims that the discovery process itself was not prejudiced, and that as a result, the district court erred when it dismissed her case. Again,

*Bustillos* alluded to a requirement that the district court's order of dismissal include an explicit description of discovery abuses "that form the predicate for the sanction." *Bustillos*, 116 N.M. at 678, 866 P.2d at 406. In this case, the district court ruled that Plaintiff had abused the discovery process in a manner that affected the integrity of the process by engaging in "an intentional pattern of deception with respect to past medical history." The district court specifically found that Plaintiff had intentionally deceived FSI during discovery and that such conduct compromised the function of discovery and the integrity of the court. The district court sufficiently set forth the discovery violations that formed the predicate for dismissal. *See id.; see also* 8A Wright, *supra*, § 2284 at 618 ("Where the district court opts for severe sanctions, ... it may behoove the court to provide a relatively full explanation of its choice.").

{31} The district court's ruling is faithful to the requirement that abuse of the discovery process is the justification for a court's imposition of sanctions. Sanctions protect the discovery process by protecting the due process rights of the non-deceiving party to a meaningful hearing, protecting the "truth-seeking function of the [district] court," and deterring future discovery abuse. *See United Nuclear Corp.*, 96 N.M. at 238, 241, 629 P.2d at 314, 317. The district court fulfilled all of these purposes by imposing the sanction of dismissal for Plaintiff's willful discovery abuse, and the district court adequately articulated the basis for its ruling.

*Plaintiff's Explanations*

{32} Plaintiff additionally argues that the circumstances of this case are different from the cases in which dismissals for discovery abuse have been upheld. Specifically, Plaintiff claims that her actions are distinguishable from those of the plaintiffs in *Sandoval* and *Medina* because in her affidavit she provided explanations for the discrepancies between her discovery answers and her medical records. Plaintiff asserts that the presence of her explanations prevents a

finding that she misrepresented information during discovery. We disagree.

{33} Plaintiff failed to persuade the district court in her submitted affidavit that she had not intentionally misrepresented her medical history. Because we review for abuse of discretion, Plaintiff's argument that she misunderstood the nature and extent of FSI's questions is an insufficient basis to reverse the district court's order of dismissal. *See Medina,* 117 N.M. at 165–66, 870 P.2d at 127–28 (holding that sanction of dismissal was appropriate applying abuse of discretion standard when the plaintiff argued on appeal that discovery responses were not false); *United Nuclear Corp.,* 96 N.M. at 214, 239, 629 P.2d at 290, 315 (explaining that one party's narrow construction of the other party's interrogatories was a "strained interpretation" which amounted to " 'an attempt at gamesmanship, contrary to the principle that the purpose of our rules of discovery is to minimize concealment and surprise in litigation' " (quoting *Hilmer v. Hezel,* 492 S.W.2d 395, 396 (Mo.Ct.App.1973))). Moreover, we are concerned with misrepresentations during discovery in the first instance, not the presence of explanations after the fact. Dismissal was appropriate in this case considering the fact that Plaintiff's continual misrepresentations circumvented discovery as a "mechanism for narrowing the issues and ascertaining the facts." 8 Wright, *supra,* § 2001, at 43. Plaintiff's discovery abuse also adversely affected the "integrity of the truth-seeking function of the [district] court." *United Nuclear Corp.,* 96 N.M. at 238, 629 P.2d at 314. Therefore, the district court did not abuse its discretion in dismissing Plaintiff's case, despite the presence of Plaintiff's explanations. *See id.* at 223, 629 P.2d at 299 (" 'Ultimately, the question of what constitutes satisfactory responses to interrogatories rests within the sound discretion of the Court.' " (quoting *Martin v. Easton Publ'g Co.,* 85 F.R.D. 312, 316 (E.D.Pa.1980))).

*FSI's Cross–Appeal*

{34} FSI cross-appeals the district court's order denying FSI its costs. FSI argues that the district court abused it discretion in denying costs based on the pre-

sumption that the prevailing party is entitled to costs. *See Marchman v. NCNB Tex. Nat'l Bank,* 120 N.M. 74, 94–95, 898 P.2d 709, 729–30 (1995); NMSA 1978, § 39–3–30 (1966); Rule 1–054(D) NMRA 2000. Section 39–3–30 provides that "[i]n all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party unless the court orders otherwise for good cause shown." *See also* Rule 1–054(D)(1) (stating that costs "shall be allowed as a matter of course ... unless the court otherwise directs").

{35} FSI assumes that it is a "prevailing party." A " 'prevailing party is the party who wins the lawsuit—that is, a plaintiff who recovers a judgment or a defendant who avoids an adverse judgment.' " *Marchman,* 120 N.M. at 95, 898 P.2d at 730 (quoting *Dunleavy v. Miller,* 116 N.M. 353, 360, 862 P.2d 1212, 1219 (1993)). The merits of a dispute must ordinarily be reached in order to designate a prevailing party. *See Marchman,* 120 N.M. at 95, 898 P.2d at 730 (stating that a dismissal for forum non conveniens did not qualify as a decision on the merits). A dismissal with prejudice is an adjudication on the merits, and thus FSI is entitled to the presumption in favor of awarding costs to a prevailing party. *See Campos 'v. Brown Constr. Co.,* 85 N.M. 684, 686, 515 P.2d 1288, 1290 (Ct.App.1973) (stating that dismissal with prejudice is a judgment on the merits for purposes of res judicata). Denying costs to a prevailing party is within the district court's discretion; however, such discretion is not unlimited and the court must articulate the reasons for its ruling. *See Key v. Chrysler Motors Corp.,* 2000–NMSC–010, ¶¶ 7, 9, 128 N.M. 739, 998 P.2d 575.

{36} But Rule 1–054(F) also provides that Rule 1–054 does not apply to "claims for fees and expenses as sanctions." In its ruling at the hearing on the motion for costs, the district court viewed the imposition of costs as an additional sanction against Plaintiff. The district court stated: "[D]ismissing the case is the heaviest hammer I have. It's the biggest sanction I have. And on that basis, I'm not going to award any costs in

this case because I think the sanctions I've already imposed are great enough, frankly."

{37} The district court imposed the severe sanction of dismissal against Plaintiff in the underlying action. When sanctions are imposed, costs can be viewed as sanctions as well. In such circumstances, we cannot state that the district court abused its discretion in viewing the assessment of costs as an additional sanction and relying upon this articulated reasoning as the good cause for refusing to award FSI its costs. *See* Rule 1–054(D); *Key,* 2000–NMSC–010, ¶¶ 7, 9, 128 N.M. 739, 998 P.2d 575 (stating that the district court has discretion in assessing costs).

*Conclusion*

{38} For the reasons stated above, we affirm the orders of the district court dismissing Plaintiff's case with prejudice for discovery abuse and denying FSI its costs.

{39} **IT IS SO ORDERED.**

ALARID and BUSTAMANTE, JJ., concur.