This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO. 35,238

**RICKY RAY HELT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals his conviction for aggravated battery with a deadly weapon, asserting that his right to a speedy trial was violated. We previously issued a notice

of proposed summary disposition in which we proposed to dismiss based on Defendant's apparent failure to reserve the right to appeal. [CN 2-3, 5] Defendant has filed a memorandum in opposition in which he asserts he did enter a conditional plea reserving the right to appeal the speedy trial issue and that a transcript of the plea proceeding would reflect this. [MIO 1] We will assume the truth of this assertion and proceed on that basis. *See generally State v. Hodge*, 1994-NMSC-087, ¶¶ 14, 21, 118 N.M. 410, 882 P.2d 1 (observing that although a guilty plea generally operates as a waiver of the right to appeal, "an appellate court can pardon the informalities of a conditional plea so long as the record demonstrates that . . . the defendant expressed an intention to preserve a particular pretrial issue for appeal and that neither the government nor the district court opposed such a plea" (internal quotation marks and citation omitted)); *Bustillos v. Constr. Contracting*, 1993-NMCA-142, ¶ 2, 116 N.M. 673, 866 P.2d 401 ("We accept as true the undisputed assertions of fact stated in . . . memoranda in opposition to our calendar notices.").

{2}      In our notice of proposed summary disposition, we indicated that we perceived little merit to Defendant's speedy trial claim. [CN 3-5] We explained that the limited record before us reflected that this case could properly be characterized as a case of intermediate complexity, [RP 73] and the fifteen-month delay did not surpass the applicable threshold. [CN 4] In his memorandum in opposition, Defendant contends that this should be characterized as a simple case, and as such, the delay should be said

to exceed the threshold by three months. [MIO 4-5] Without a more complete development of this question on the record, we are disinclined to adopt Defendant's view. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)); *State v. Manzanares*, 1996-NMSC-028, ¶ 9, 121 N.M. 798, 918 P.2d 714 ("The question of the complexity of a case is best answered by a [district] court familiar with the factual circumstances, the contested issues and available evidence, the local judicial machinery, and reasonable expectations for the discharge of law enforcement and prosecutorial responsibilities."); *State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal.").

{3}     Ultimately, even if we were to assume that this case should be characterized as simple, we remain unpersuaded that Defendant's right to a speedy trial was violated. At most, the length of the delay was three months beyond the threshold. [MIO 5] This factor weighs only slightly in Defendant's favor. *See State v. Wilson*, 2010-NMCA-018, ¶ 29, 147 N.M. 706, 228 P.3d 490 (stating that delay of five months beyond the guideline for a simple case was not so extraordinary or protracted as to compel weighing the length of delay factor against the state more than slightly).

Only administrative or negligent delay is suggested, [MIO 5] which does not weigh heavily in Defendant's favor. *See State v. Samora*, 2016-NMSC-031, ¶ 11, 387 P.3d 230 (observing that negligent or administrative delay must be considered because the ultimate responsibility rests with the state, although such delay is not weighed as heavily). Insofar as Defendant did not assert the right until he filed his motion to dismiss, [RP 65] the third factor weighs only slightly his favor. *See State v. Suskiewich,* 2016-NMCA-004, ¶ 24, 363 P.3d 1247 (concluding that this factor weighed only slightly in the defendant's favor where he did not make an explicit demand for trial or assertion of his right before a motion to dismiss was filed). With regard to the fourth and final factor—prejudice—Defendant merely suggests that he might have been inconvenienced by "having to attempt to locate and identify witnesses," [MIO 6] and asserts in a generalized fashion that delays may cause anxiety and a variety of "societal" harms. [MIO 6-7] Because this does not amount to a substantiated claim of particularized harm, it cannot be regarded as a showing of prejudice. *See State v. Valencia*, 2010-NMCA-005, ¶ 29, 147 N.M. 432, 224 P.3d 659 (observing that a particularized showing of prejudice is required, and where the defendant did not substantiate either any particular impairment to his defense or any other cognizable form of prejudice, this Court would not indulge his speculative claim). This is a fatal deficiency. *See State v. Montoya*, 2011-NMCA-074, ¶ 24, 150 N.M. 415, 259 P.3d 820 (observing that a defendant's failure to make an affirmative

4

showing of particularized prejudice precludes a determination that his speedy trial right was violated where the other three factors weigh only slightly against the state); *State v. Garza*, 2009-NMSC-038, ¶ 40, 146 N.M. 499, 212 P.3d 387 (holding that where the other factors do not weigh heavily in the defendant's favor and the defendant has failed to demonstrate particularized prejudice, we cannot conclude that the right to a speedy trial was violated). We therefore conclude that Defendant's speedy trial claim was properly rejected.

{4}     Accordingly, for the reasons stated, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**STEPHEN G. FRENCH, Judge**