This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-37971**

**GARY MILES,**

      Petitioner-Appellant,

v.

**LAURIAN JARAMILLO and
PAUL JARAMILLO**

      Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
Cheryl H. Johnston, District Judge**

Gary Miles
Placitas, NM

Pro Se Appellant

Laurian Jaramillo
Paul Jaramillo
Placitas, NM

Pro Se Appellees

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Petitioner appeals following the denial of his petition for order of protection.  We previously issued a notice of proposed summary disposition in which we proposed to affirm. Petitioner has filed a response in opposition. After due consideration, we remain unpersuaded.  We therefore affirm.

**{2}** The pertinent background has previously been set forth. We perceive no need for reiteration. We will therefore focus on the specific contentions presented in the memorandum in opposition.

**{3}** First, we understand Petitioner to continue to assert that the hearing officer erred in disallowing certain documentary evidence, including an affidavit and a police report. [MIO 2, 3, 5] However, as we previously observed, [CN 3-4] the hearing officer acted well within her discretion in excluding this evidence on grounds that it constituted inadmissible hearsay. *See* Rule 11-801(C) NMRA (" 'Hearsay' [m]eans a statement that . . . the declarant does not make while testifying at the current trial or hearing, and . . . a party offers in evidence to prove the truth of the matter asserted in the statement."); Rule 11-802 NMRA ("Hearsay is not admissible except as provided by these rules."); Rule 11-803(8)(b) NMRA (excluding police reports from the public records exception to the hearsay rule).

**{4}** Next, we understand Petitioner to renew his challenge to the ultimate determination that he had failed to establish grounds for the issuance of an order of protection. [MIO 1-10]

**{5}** As we observed in the notice of proposed summary disposition, [CN 6-7] in order to obtain an order of protection, it was incumbent upon Petitioner to demonstrate that he was a victim of stalking. *See* NMSA 1978, § 40-13-2(D)(1) (2018, amended 2019) (defining "domestic abuse" to include "an incident of stalking or sexual assault whether committed by a household member or not"); NMSA 1978, § 40-13-5(A) (2008, amended 2019) (explaining that orders of protection are to be entered upon finding or stipulation that domestic abuse has occurred); *see, e.g., Best v. Marino*, 2017-NMCA-073, ¶ 17, 404 P.3d 450 (illustrating). "Stalking is defined as "knowingly pursuing a pattern of conduct, without lawful authority, directed at a specific individual when the person intends that the pattern of conduct would place the individual in reasonable apprehension of death, bodily harm, sexual assault, confinement or restraint of the individual or another individual." NMSA 1978, § 30-3A-3 (2009). It is the latter portion of this definition, entailing apprehension of death, bodily harm, sexual assault, confinement or restraint, that appears to have been unsatisfied in this case. [RP 105]

**{6}** Petitioner contends that he presented sufficient evidence to support the issuance of an order of protection, based on his testimony that Respondents drove down his street "all the time," allegedly to get to a shooting range, and stopped behind trees on one occasion or more. [MIO 2-8] However, our review of the audio recording reflects that when he was further questioned about the frequency of these events, Petitioner indicated that Respondents had driven down his street roughly half a dozen times over the course of the preceding three years. Petitioner also characterized Respondents as "unpredictable" and asserted that the situation was "escalating." [MIO 8] However, the only apparent support for these characterizations was Petitioner's description of an incident at a shopping center involving whistling and blowing kisses. The district court acted well within its discretion in concluding that these occurrences did not rise to the level of stalking. *See generally Las Cruces Prof'l Fire Fighters v. City of Las Cruces*,

1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached.").

{7}     As we previously observed in the notice of proposed summary disposition, [CN 8] the district court appears to have concluded that concerns about business and personal reputation motivated Petitioner to seek an order of protection. [RP 109] Both the record and the audio recording support the district court's determination in this regard. Although Petitioner is clearly deeply concerned with what he perceives to be "harassment and defamation," [MIO 1] concerns of this nature do not supply a basis for the issuance of an order of protection.

{8}     Finally, in his memorandum in opposition Petitioner focuses on language within the district court's final order indicating that Petitioner had stated that he never felt threatened, or that Respondents would harm him. [RP 105] Petitioner contends that he never made such a statement. [MIO 7-8, 9-10] Because the quality of the audio recording is imperfect, we are unable to determine with certainty whether any statement to this effect was made.  However, we will assume the truth of Petitioner's assertion. *See Bustillos v. Constr. Contracting*, 1993-NMCA-142, ¶ 2, 116 N.M. 673, 866 P.2d 401 ("We accept as true the undisputed assertions of fact stated in the docketing statement and the parties' memoranda in opposition to our calendar notices.").  However, even if that finding was not strictly accurate, the error supplies no basis for reversal unless the finding is essential to the decision. *See Quarles v. Arcega*, 1992-NMCA-099, ¶ 21, 114 N.M. 502, 841 P.2d 550 (explaining that even if a finding is erroneous, it supplies no basis for reversal if it is unnecessary to the court's decision). Although the district court's finding may not have been expressed with ideal accuracy, we perceive it to reflect Petitioner's failure to express concern for his personal safety.  *See id.* (indicating that "our task on appeal requires us to construe findings to uphold a judgment rather than to reverse it"). At no time in the course of the hearing did Petitioner state that he actually feared that Respondents would do him physical harm. Although Petitioner repeatedly expressed frustration, annoyance, and exasperation, these sentiments do not support the issuance of an order of protection. We therefore remain unpersuaded by the assertions of error.

{9}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{10}   **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**