This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40270**

**J. ADRIANNE GRIFFIN f/k/a
ADRIANE VIDAL-RILEY,**

Plaintiff-Appellant,

v.

**SIGMA SERVICES, LLC and
LIBERTY MUTUAL INSURANCE,**

Defendants-Appellees,

and

**JOHNNY GRIFFAY,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNAILLO COUNTY
Lisa Chavez Ortega, District Court Judge**

J. Adrianne Griffin
Albuquerque, NM

Pro Se Appellant

Allen, Shepherd, Lewis & Syra, P.A.
Dustin Dwayne Dempsey
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     Plaintiff, a self-represented litigant, appeals from an order of dismissal with prejudice for discovery violations. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Plaintiff continues to assert that the district court abused its discretion when it dismissed her complaint with prejudice for discovery violations. We proposed to affirm on the grounds that Plaintiff's misrepresentations were willful efforts to withhold information from Defendants, and that Plaintiff failed to point to evidence in the record proper to support her assertions that she had disclosed the information. [CN 3-7] Although Plaintiff has attempted to provide more information and context regarding the district court's dismissal order, we are unpersuaded.

**{3}**     Plaintiff maintains that her USAA insurance policy and the adjuster's report were discoverable, and as such, Defendants "in basic due diligence routinely should have sought any information available from USAA." [MIO 20] Based on the record, Defendants did ask for this information in their interrogatories. Specifically, Defendants asked that Plaintiff "[i]dentify by Insurance Company, policy number, types of coverage and limits, each and every policy of insurance in effect on the day of the accident, affording any form of coverage to you for any damages allegedly sustained by you whether that coverage was denied or not." [3 RP 549] It appears that Plaintiff sent a demand packet to USAA for uninsured motorist benefits, which specifically set forth the facts and injuries that related to her October 5, 2015 accident. [3 RP 561-68] That demand packet was sent in March 2018 [3 RP 561], almost two years before Defendants sent their interrogatories to Plaintiff [1 RP 28]. However, this demand for uninsured motorist benefits was never disclosed to Defendants. Plaintiff also contends that her failure to answer the interrogatory "was overridden by the truthful statements in her deposition [from April 2021]." [MIO 20] Plaintiff, however, does not point to anywhere in the record proper to support this assertion. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Plaintiff merely states that "[a]ny damage from this error was cured in the deposition . . . wherein [she] testified extensively about the events at the scene: the vehicle logo, watching the police check the license plate and VIN, and talking [to the man who hit her]." [MIO 4] This explanation, however, is insufficient to demonstrate that her testimony alerted Defendants to the fact that she received a $75,000 settlement payment from her insurer.

**{4}**     To the extent Plaintiff argues that the district court erred in dismissing her complaint because she applied for the $75,000 settlement payment, but did not receive it, and that no proof of harm was presented, we are unpersuaded. [MIO 11, 13] Defendant's interrogatory specifically sought information about any policy in effect on the day of the accident "affording any form of coverage to you for any damages allegedly sustained by you *whether that coverage was denied or not*." [3 RP 549 (emphasis added)] Regardless of whether her settlement payment was denied, Plaintiff still had an obligation to disclose that information to Defendants. *See Reed v. Furr's*

*Supermarkets, Inc.*, 2000-NMCA-091, ¶ 13, 129 N.M. 639, 11 P.3d 603 (explaining that "[t]he design of the discovery process is to avoid surprise in trial preparation and promote the opposing party's ability to obtain the evidence necessary to evaluate and resolve [the] dispute" (internal quotation marks and citation omitted)). In addition, as we stated in our calendar notice, Defendants were not required to show that they were prejudiced by Plaintiff's misrepresentations. [CN 6] *See id.* ¶ 28 (explaining that a party seeking dismissal of an action as a sanction for abuse of the discovery process "is not required to show prejudice as a precondition to dismissal"); *id.* ¶ 29 (stating that "the overriding concern is abuse of the discovery process").

{5}     With respect to Plaintiff's failure to disclose information to Defendants about having contact with the man who hit her, Plaintiff does not specifically dispute any of the facts or law upon which our proposed notice relied. *See Hennessy*, 1998-NMCA-036, ¶ 24. Rather, Plaintiff states that "she wanted to talk to him first and would disclose his information in the pretrial order, and the [district c]ourt endorsed that position." [MIO 7] Plaintiff further states that she "wanted his testimony in the record the same day this matter was dismissed." [MIO 14] First, Plaintiff does not point to anywhere in the record proper to show that the district court endorsed her concealment of a witness. Second, regardless of Plaintiff's asserted intention to eventually disclose the witness's information and that she wanted his testimony in the record, she nevertheless attempted to conceal him from Defendants and instructed him "not to give such a 'trial deposition' at all, and if an attempt is made to subpoena him or to trick him into an interview of that nature, she has asked him not to comply unless the [c]ourt approves." [2 RP 520, ¶ 6]

{6}     Plaintiff points to several cases and argues that the circumstances of the present case are different from those cases in which dismissals for discovery abuses have been upheld. [MIO 16-18] *See Reed*, 2000-NMCA-091, ¶ 9 (discussing the requirements to justify dismissal as an appropriate sanction); *Bustillos v. Constr. Contracting*, 1993-NMCA-142, 116 N.M. 673, 866 P.2d 401 (discussing the difference between information that that would be an issue at trial and information that would lead to additional avenues of discovery); *Sandoval v. Martinez*, 1989-NMCA-042, 109 N.M. 5, 780 P.2d 1152 (discussing the appropriateness of dismissal when the plaintiff lied in answers to interrogatories). Specifically, Plaintiff cites *Reed* in support of her proposition that the district court erred in dismissing her complaint for discovery violations. [MIO 17-18] She argues that the plaintiff's concealment in *Reed* was "continuous, ongoing, and pervasive," and that "[n]o parallel . . . facts occurred in this action." [MIO 17] Plaintiff also argues that in the present case "the alleged misrepresentation was not relied on, which is why it had not been raised earlier" and that Defendants' "defense was not impeded by anything about her insurance." [MIO 17]

{7}     This Court in *Reed* reiterated that dismissal as a sanction for discovery abuse does not require: "(1) that the party seeking dismissal be deceived in fact or that the party relied on the misrepresentations; (2) that the information misrepresented be critical to preparation for trial; and (3) that dismissal be preconditioned upon the ultimate importance of the false or deceptive information." *Id.* ¶ 28; *see also Medina v. Found.*

*Rsrv. Ins. Co., Inc.*, 1994-NMSC-016, ¶¶ 6-9, 117 N.M. 163, 870 P.2d 125. In addition, *Reed* instructs that false answers to interrogatories "undermine the discovery process and demonstrate either a willful, intentional and bad faith attempt to conceal evidence or a gross indifference to discovery obligations." *Reed*, 2000-NMCA-091, ¶ 8 (alteration, internal quotation marks, and citation omitted).

**{8}** Although Plaintiff is correct that the misrepresentations made by the plaintiff in *Reed* were extensive, there is nothing to suggest that only extensive misrepresentations are required in order for a case to be dismissed for discovery violations. Here, the district court, in its dismissal order, found that "Plaintiff made false statements" in her answers to Defendants' interrogatories regarding the pursuit of an uninsured motorist claim, and that "the false statements were not a mistake but, rather, were willful." [3 RP 613] This finding is consistent with *Reed*, which stated that misrepresentations in answers to interrogatories undermine the discovery process and demonstrate a willful attempt to conceal evidence. *Id.* Despite her assertions that her misrepresentation was "overwhelmed by contrary statements both before and after the event," as noted above, Plaintiff has not pointed to anywhere in the record proper to support that assertion. Even though Plaintiff's misrepresentations were not as extensive as those in *Reed*, her misrepresentation concealing her settlement payment and her concealment of a material witness are enough to warrant a dismissal of her complaint.

**{9}** Accordingly, we conclude that Plaintiff's misrepresentations in failing to disclose a settlement payment and concealing a material witness were a willful effort to withhold crucial information from Defendants thereby undermining the discovery process, and that the district court did not err by dismissing her complaint. *See id.* ¶ 9 ("Dismissal is an appropriate sanction for false answers during discovery when a party's misrepresentations are made willfully or in bad faith.").

**{10}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order dismissing Plaintiff's complaint for discovery violations.

**{11}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**